# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

LUMINATI NETWORKS LTD.            §
                                 §
      Plaintiff,                  §
                                 §
    v.                            §            Case No. 2:18-CV-00483-JRG
                                 §
BI SCIENCE, INC.,                §
                                 §
      Defendant.

## NOTICE OF APPEAL

Defendant BI Science (2009) Ltd. ("BI Science") (which plaintiff has alleged is also known as BI Science, Inc.) hereby respectfully gives notice that it appeals to the United States Court of Appeals for the Federal Circuit from the Order and Corrected Final Judgment entered in this action on February 1, 2021 (Dkt. No. 254) (the "Final Judgment"), and from any ruling or order adverse to BI Science that is contained in, is subsumed by, or preceded the Final Judgment, including but not limited to: (1) the Order and Final Judgment entered on July 2, 2020 (Dkt. No. 220);[1] (2) the portion of the Memorandum Opinion and Order dated May 13, 2019 (Dkt. No. 82) that denied in part BI Science's motion to dismiss and, in the alternative, transfer venue; and (3) the Court's April 13, 2020 ruling on Plaintiff's Motion to Enforce Settlement Agreement (Dkt. No. 183).

---

[1] BI Science notes that it filed an appeal from the July 2, 2020 Order and Final Judgment on July 29, 2020.  Dkt. No. 228.  The Federal Circuit docketed the appeal on August 4, 2020, and assigned it case number 20-2118.  Contemporaneously with the filing of this Notice of Appeal, BI Science is filing a submission in the 20-2118 appeal suggesting that the earlier- and later-filed appeals be consolidated.

Dated: February 16, 2021

Respectfully submitted,

By:  /s/ *J.C. Rozendaal*
J.C. Rozendaal
(admitted *pro hac vice*)
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, D.C. 20005
Phone: (202) 772-8747
Fax: (202) 371-2540
jcrozendaal@sternekessler.com

Michael A. Charish (admitted *pro hac vice*)
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
Phone:  (646) 328-0183
michael@charish.law

*Attorneys for Defendant BI Science (2009) Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 16th day of February 2021, with a copy of this document via the Court's CM/ECF system.

 /s/ *J.C. Rozendaal*
J.C. Rozendaal

APPEAL,JRG3,JURY,MARKMANREF,PATENT/TRADEMARK,PROTECTIVE-ORDER,STAYED

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Marshall)
## CIVIL DOCKET FOR CASE #: 2:18-cv-00483-JRG
## Internal Use Only

| | |
|---|---|
| Luminati Networks Ltd. v. BI Science Inc. | Date Filed: 11/08/2018 |
| Assigned to: District Judge Rodney Gilstrap | Date Terminated: 07/02/2020 |
| Case in other court:  USCA FEDERAL CURCUIT, 20-02118 | Jury Demand: Both |
|  FEDERAL CIRCUIT, 20-02181 | Nature of Suit: 830 Patent |
| Cause: 35:271 Patent Infringement | Jurisdiction: Federal Question |

**Mediator**

**William Joseph Cornelius**
One American Center
909 ESE Loop 323
Suite 400
P.O. Box 7339
Tyler, TX 75711-7339
903-509-5004
*wc@wilsonlawfirm.com*



A TRUE COPY I CERTIFY
DAVID A O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: _____*CharleneHinton*_____

**Technical Advisor**

**Donald E Tiller**
D. Tiller Law PLLC
1525 Merrimac Circle
Suite 210
Fort Worth, TX 76107
*don.tiller@dtillerlawpllc.com*

**Plaintiff**

**Luminati Networks Ltd.**                    represented by    **Amadou Kilkenny Diaw**
RuyakCherian LLP
1901 L Street NW
Suite 700
Washington, DC 20006
202-838-1564
Fax: 202-478-1715
Email: amadoukd@ruyakcherian.com
*ATTORNEY TO BE NOTICED*

**Elizabeth L DeRieux**
Capshaw DeRieux LLP
114 E Commerce Avenue
Gladewater, TX 75647
(903) 845-5770

Email: ederieux@capshawlaw.com
*ATTORNEY TO BE NOTICED*

**Gregory Blake Thompson**
Mann Tindel & Thompson
201 E. Howard Street
Henderson, TX 75654
903/657-8540
Fax: 903-657-6003
Email: Blake@TheMannFirm.com
*ATTORNEY TO BE NOTICED*

**James Mark Mann**
Mann Tindel & Thompson
201 E. Howard Street
Henderson, TX 75654
903/657-8540
Fax: 903-657-6003
Email: Mark@TheMannFirm.com
*ATTORNEY TO BE NOTICED*

**Robert M Harkins , Jr**
RuyakCherian LLP - Berkley
1936 University Avenue
Suite 350
Berkeley, CA 94704
510-944-0187
Fax: 202-478-1715
Email: bobh@ruyakcherian.com
*ATTORNEY TO BE NOTICED*

**Ronald Wielkopolski**
RuyakCherian LLP
1700 K St NW, Suite 810
Washington, DC 20006
202.838.1568
Fax: 202-478-1715
Email: ronw@ruyakcherian.com
*ATTORNEY TO BE NOTICED*

**Sidney Calvin Capshaw , III**
Capshaw DeRieux LLP
114 E Commerce Avenue
Gladewater, TX 75647
903-845-5770
Email: ccapshaw@capshawlaw.com
*ATTORNEY TO BE NOTICED*

**Korula T Cherian**
RuyakCherian LLP - Berkley

1936 University Avenue
Suite 350
Berkeley, CA 94704
510.944.0185
Email: sunnyc@ruyakcherian.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BI Science Inc.**        represented by    **Eric Hugh Findlay**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: efindlay@findlaycraft.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Debra Elaine Gunter**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903.534.1100
Fax: 903.534.1137
Email: dgunter@findlaycraft.com
*ATTORNEY TO BE NOTICED*

**John Christopher Rozendaal**
Sterne Kessler Goldstein & Fox PLLC -
Washington
1100 New York Ave NW
Suite 600
Washington, DC 20005-3934
202-772-8747
Fax: 202-371-2540
Email: jcrozendaal@sternekessler.com
*ATTORNEY TO BE NOTICED*

**Kelce Steven Wilson**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
972-955-2348
Fax: 903-534-1137
Email: kwilson@findlaycraft.com

*ATTORNEY TO BE NOTICED*

**Michael A. Charish**
Charish Law Group P.C.
347 Fifth Avenue
Suite 1402
New York, NY 10016
646-328-0183
Fax: 646-915-1663
Email: michael@charish.law
*ATTORNEY TO BE NOTICED*

**Mord Michael Lewis**
Liston Abramson LLP
405 Lexington Ave.
46th Floor
New York,, NY 10174
212-257-1630
Fax: 917-633-5568
Email:
michael.lewis@listonabramson.com
*ATTORNEY TO BE NOTICED*

**Roger Brian Craft**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: bcraft@findlaycraft.com
*ATTORNEY TO BE NOTICED*

**Ronald Abramson**
Liston Abramson LLP
405 Lexington Ave.
46th Floor
New York,, NY 10174
212-257-1630
Fax: 917-633-5568
Email:
ron.abramson@listonabramson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**BI Science (2009) Ltd.**        represented by **Debra Elaine Gunter**
*agent of*                                (See above for address)
BI Science Inc.                         *ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**

(See above for address)
*ATTORNEY TO BE NOTICED*

**John Christopher Rozendaal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelce Steven Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Charish**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mord Michael Lewis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronald Abramson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**BI Science (2009) Ltd.**          represented by  **Eric Hugh Findlay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**BI Science Inc.**          represented by  **Eric Hugh Findlay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger Brian Craft**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Hola Networks Ltd.**          represented by  **Robert M Harkins , Jr**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Luminati Networks Ltd.**                    represented by    **Amadou Kilkenny Diaw**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth L DeRieux**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert M Harkins , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronald Wielkopolski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sidney Calvin Capshaw , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Korula T Cherian**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2018 | 1 | COMPLAINT *for Patent Infringement* against BI Science Inc. ( Filing fee $ 400 receipt number 0540-7019529.), filed by Luminati Networks Ltd.. (Attachments: # 1 Exhibit A - '044 Patent, # 2 Exhibit B - '866 Patent, # 3 Civil Cover Sheet)(Cherian, Korula) (Entered: 11/08/2018) |
| 11/08/2018 | 2 | CORPORATE DISCLOSURE STATEMENT filed by Luminati Networks Ltd. identifying Corporate Parent IPPN Group Ltd. for Luminati Networks Ltd.. (Cherian, Korula) (Entered: 11/08/2018) |
| 11/08/2018 | 3 | DEMAND for Trial by Jury by Luminati Networks Ltd.. (Cherian, Korula) (Entered: 11/08/2018) |
| 11/08/2018 | 4 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Cherian, Korula) (Entered: 11/08/2018) |
| 11/08/2018 | 5 | NOTICE of Designation of Attorney in Charge to Korula T Cherian on behalf of Luminati Networks Ltd. (Cherian, Korula) (Entered: |

| | | |
|---|---|---|
| | | 11/08/2018) |
| 11/08/2018 | 6 | NOTICE of Attorney Appearance by Elizabeth L DeRieux on behalf of Luminati Networks Ltd. (DeRieux, Elizabeth) (Entered: 11/08/2018) |
| 11/08/2018 | 7 | NOTICE of Attorney Appearance by Sidney Calvin Capshaw, III on behalf of Luminati Networks Ltd. (Capshaw, Sidney) (Entered: 11/08/2018) |
| 11/08/2018 | | Case assigned to District Judge Rodney Gilstrap. (ch, ) (Entered: 11/08/2018) |
| 11/08/2018 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (ch, ) (Entered: 11/08/2018) |
| 11/09/2018 | 8 | NOTICE of Attorney Appearance by Ronald Wielkopolski on behalf of Luminati Networks Ltd. (Wielkopolski, Ronald) (Entered: 11/09/2018) |
| 11/19/2018 | 9 | SUMMONS Issued as to BI Science Inc.. (nkl, ) (Entered: 11/19/2018) |
| 11/27/2018 | 10 | MOTION for Appointment of International Process Server by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order) (Wielkopolski, Ronald) (Entered: 11/27/2018) |
| 11/28/2018 | 11 | ORDER granting 10 MOTION for Appointment of International Process Server. Signed by District Judge Rodney Gilstrap on 11/28/2018. (ch, ) (Entered: 11/28/2018) |
| 12/04/2018 | 12 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re BI Science Inc..( Findlay, Eric) (Entered: 12/04/2018) |
| 12/04/2018 | | Defendant's Unopposed FIRST Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for BI Science Inc. to 1/11/2019. 30 Days Granted for Deadline Extension. ( ch, ) (Entered: 12/04/2018) |
| 01/10/2019 | 13 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re BI Science Inc..( Findlay, Eric) (Entered: 01/10/2019) |
| 01/10/2019 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for BI Science Inc. to 1/28/2019. 15 Days Granted for Deadline Extension. ( nkl, ) (Entered: 01/10/2019) |
| 01/28/2019 | 14 | Unopposed MOTION to Seal Document *DEFENDANT'S MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER* |

| | | | |
|---|---|---|---|
| | | | *VENUE* by BI Science Inc.. (Attachments: # 1 Text of Proposed Order) (Findlay, Eric) (Entered: 01/28/2019) |
| 01/28/2019 | 🔒 | 15 | SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* by BI Science Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) (Findlay, Eric) (Entered: 01/28/2019) |
| 01/28/2019 | | 16 | CORPORATE DISCLOSURE STATEMENT filed by BI Science Inc. identifying Corporate Parent None for BI Science Inc.. (Findlay, Eric) (Entered: 01/28/2019) |
| 01/30/2019 | | 17 | ORDER granting 14 Unopposed MOTION to Seal Document DEFENDANT'S MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE. Signed by District Judge Rodney Gilstrap on 1/30/2019. (ch, ) (Entered: 01/30/2019) |
| 01/30/2019 | | 18 | NOTICE of Attorney Appearance by Robert M Harkins, Jr on behalf of Luminati Networks Ltd. (Harkins, Robert) (Entered: 01/30/2019) |
| 01/31/2019 | | 19 | REDACTION to 15 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* by BI Science Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Findlay, Eric) (Entered: 01/31/2019) |
| 02/06/2019 | | 20 | NOTICE of Readiness for Scheduling Conference by Luminati Networks Ltd. (Harkins, Robert) (Entered: 02/06/2019) |
| 02/12/2019 | 🔒 | 21 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 15 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* filed by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Affidavit Dell'Olio, # 10 Exhibit A, # 11 Exhibit B, # 12 Exhibit C, # 13 Exhibit D, # 14 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 02/12/2019) |
| 02/12/2019 | 🔒 | 22 | SEALED PATENT MOTION *for Early Venue Discovery* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Affidavit Dell'Olio, # 10 Exhibit A, # 11 Exhibit B, # 12 Exhibit C, # 13 Exhibit D, # 14 Text of Proposed Order) (Wielkopolski, Ronald) (Entered: 02/12/2019) |
| 02/12/2019 | | 23 | REDACTION to 21 Sealed Patent Response to Sealed Patent Motion,, by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Affidavit Dell'Olio, # 10 Exhibit A, # 11 Exhibit B, # 12 Exhibit C, # 13 Exhibit D, # 14 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 02/12/2019) |
| 02/12/2019 | | 24 | REDACTION to 22 SEALED PATENT MOTION *for Early Venue* |

| | | |
|---|---|---|
| | | *Discovery* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Affidavit Dell'Olio, # 10 Exhibit A, # 11 Exhibit B, # 12 Exhibit C, # 13 Exhibit D, # 14 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 02/12/2019) |
| 02/13/2019 | 25 | Unopposed MOTION to Seal *Dkts. 21 and 22* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 02/13/2019) |
| 02/14/2019 | 26 | ORDER granting 25 Motion for Leave to Seal Document 21 and 22. Signed by District Judge Rodney Gilstrap on 2/14/2019. (ch, ) (Entered: 02/15/2019) |
| 02/15/2019 | 27 | Unopposed MOTION for Extension of Time to File Response/Reply as to 15 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* by BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 02/15/2019) |
| 02/19/2019 | 28 | AMENDED COMPLAINT *for Patent Infringement* against BI Science (2009) Ltd., filed by Luminati Networks Ltd.. (Attachments: # 1 Exhibit A - '044 Patent, # 2 Exhibit B - '866 Patent, # 3 Exhibit C - blog post, # 4 Exhibit D - blog post, # 5 Exhibit E - Guide)(Cherian, Korula) (Entered: 02/19/2019) |
| 02/21/2019 | 29 | ORDER granting 27 Motion for Extension of Time to File Response/Reply re 15 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* Replies due by 2/25/2019.. Signed by District Judge Rodney Gilstrap on 2/21/2019. (ch, ) (Entered: 02/21/2019) |
| 02/25/2019 | 30 | ORDER - Scheduling Conference set for 3/18/2019 02:30 PM before District Judge Rodney Gilstrap. Signed by District Judge Rodney Gilstrap on 2/25/2019. (ch, ) (Entered: 02/26/2019) |
| 02/27/2019 | 31 | RESPONSE to Motion re 22 SEALED PATENT MOTION *for Early Venue Discovery* filed by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 02/27/2019) |
| 02/28/2019 | 32 | Unopposed MOTION for Extension of Time to Complete Discovery *re P.R. 3-1 and 3-2* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 02/28/2019) |
| 03/01/2019 | 33 | REPLY to Response to Motion re 22 SEALED PATENT MOTION *for Early Venue Discovery and Notice of Readiness for Ruling on Pending Motion to Dismiss or Transfer (Dkt. 15) - No Reply Filed* filed by *Luminati Networks Ltd..* (Wielkopolski, Ronald) (Entered: 03/01/2019) |
| 03/01/2019 | 34 | NOTICE by Luminati Networks Ltd. re 15 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE of Readiness for Ruling - No Reply Filed* (Wielkopolski, Ronald) (Entered: 03/01/2019) |
| | | |

| 03/04/2019 | | **\*\*\*DISREGARD THE FILED IN ERROR\*\*\*\*\*\*FILED IN ERROR. FILED UNDER THE WRONG EVENT Document # 34, Notice. PLEASE IGNORE.\*\*\*** <br><br> (ch, ) Modified on 3/4/2019 (ch, ). (Entered: 03/04/2019) |
|---|---|---|
| 03/04/2019 | | NOTICE FROM CLERK - disregard the filed in error on #34, clerk error. (ch, ) (Entered: 03/04/2019) |
| 03/04/2019 | 35 | Unopposed MOTION to Seal Document *DEFENDANT'S MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 03/04/2019) |
| 03/04/2019 | 🔒 36 | SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Moyal Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order)(Findlay, Eric) (Entered: 03/04/2019) |
| 03/05/2019 | 37 | ORDER granting 32 Motion for Extension of Time to Complete Discovery. Signed by District Judge Rodney Gilstrap on 3/5/2019. (ch, ) (Entered: 03/05/2019) |
| 03/05/2019 | 38 | ORDER granting 35 Unopposed MOTION to Seal Document DEFENDANT'S MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE. Signed by District Judge Rodney Gilstrap on 3/5/2019. (ch, ) (Entered: 03/06/2019) |
| 03/06/2019 | 39 | REDACTION to 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Exhibit 1 - Moyal Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order)(Findlay, Eric) (Entered: 03/06/2019) |
| 03/12/2019 | 40 | Opposed MOTION to Strike 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Dell'Olio, # 2 Exhibit A, # 3 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 03/12/2019) |
| 03/15/2019 | 41 | NOTICE of Discovery Disclosure by Luminati Networks Ltd. *re P.R. 3-1 and 3-2* (Harkins, Robert) (Entered: 03/15/2019) |
| 03/18/2019 | 42 | NOTICE of Attorney Appearance by Roger Brian Craft on behalf of BI Science (2009) Ltd., BI Science Inc. (Craft, Roger) (Entered: 03/18/2019) |
| 03/18/2019 | | Minute Entry for proceedings held before Judge Rodney Gilstrap: Scheduling Conference held on 3/18/2019. Counsel for the parties appeared and were asked if they consented to a trial before the United States Magistrate Judge. The Court then gave Markman and Jury |

| | | |
|---|---|---|
| | | Selection dates; deadlines for submitting Mediator names (3 days); and deadlines for submitting Agreed Scheduling and Discovery Orders (14 days). (Court Reporter Shelly Holmes, CSR-TCRR.)(jml) Modified on 3/20/2019 (jml, ). (Entered: 03/19/2019) |
| 03/19/2019 | 43 | Unopposed MOTION to Seal *Response to Defendant's Motion to Dismiss, and in the Alternative, Motion to Transfer Venue* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order) (Wielkopolski, Ronald) (Entered: 03/19/2019) |
| 03/19/2019 | 🔒 44 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* filed by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Dell'Olio, # 2 Exhibit A, # 3 Affidavit Wielkopolski, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 03/19/2019) |
| 03/20/2019 | 45 | REDACTION to 44 Sealed Patent Response to Sealed Patent Motion, by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Dell'Olio, # 2 Exhibit A, # 3 Affidavit Wielkopolski, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 03/20/2019) |
| 03/20/2019 | 46 | NOTICE of Designation of Mediator, William Cornelius, filed by Luminati Networks Ltd.. (Harkins, Robert) (Entered: 03/20/2019) |
| 03/21/2019 | 47 | ORDER granting 43 Motion for Leave to file under seal. Signed by District Judge Rodney Gilstrap on 3/21/2019. (ch, ) (Entered: 03/21/2019) |
| 03/21/2019 | 🔒 | (Court only) ***Party William Joseph Cornelius added. (ch, ) (Entered: 03/22/2019) |
| 03/21/2019 | 48 | ORDER REFERRING CASE to Mediator William Cornelius, One American Center, 909 ESE Loop 323, Suite 400, Tyler, Texas 75701, telephone number 903-509-5004 and fax number 903-509- 5091, is hereby appointed as mediator. Signed by District Judge Rodney Gilstrap on 3/21/2019. (ch, ) (Entered: 03/22/2019) |
| 03/22/2019 | 49 | Unopposed MOTION for Extension of Time to File Response/Reply as to 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 03/22/2019) |
| 03/26/2019 | 50 | ORDER granting 49 Motion for Extension of Time to File Response/Reply re 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* Replies due by 4/1/2019.. Signed by District Judge Rodney Gilstrap on 3/26/2019. (nkl, ) (Entered: 03/26/2019) |
| 03/26/2019 | 51 | RESPONSE to Motion re 40 Opposed MOTION to Strike 36 SEALED |

| | | | |
|---|---|---|---|
| | | | MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE filed* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 03/26/2019) |
| 04/01/2019 | | 52 | Unopposed MOTION to Seal Document *DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 04/01/2019) |
| 04/01/2019 | 🔒 | 53 | SEALED REPLY to Response to Motion re 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE filed* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Supplemental Declaration of Kfir Moyal, # 2 Exhibit D)(Findlay, Eric) (Entered: 04/01/2019) |
| 04/01/2019 | | 54 | Joint MOTION for Entry of Proposed Agreed Docket Control Order by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order) (Wielkopolski, Ronald) (Entered: 04/01/2019) |
| 04/01/2019 | | 55 | Joint MOTION for Entry of Partially Disputed Proposed Discovery Order by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 04/01/2019) |
| 04/02/2019 | | 56 | Unopposed MOTION to Seal *Reply in Support of Motion to Strike Portions of Defendant's Motion to Dismiss, and in the Alternative, Motion to Transfer Venue* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 04/02/2019) |
| 04/02/2019 | 🔒 | 57 | SEALED PATENT REPLY to Response to PATENT Motion re 40 Opposed MOTION to Strike 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE filed* by Luminati Networks Ltd.. (Wielkopolski, Ronald) (Entered: 04/02/2019) |
| 04/02/2019 | | 58 | ORDER granting 52 Unopposed MOTION to Seal Document DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE 53 Sealed Reply to Response to Motion. Signed by District Judge Rodney Gilstrap on 4/2/2019. (ch, ) (Entered: 04/03/2019) |
| 04/02/2019 | | 59 | DOCKET CONTROL ORDER granting 54 Joint MOTION for Entry of Proposed Agreed Docket Control Order. Pretrial Conference set for 4/27/2020 09:00 AM before District Judge Rodney Gilstrap., Amended Pleadings due by 9/10/2019., Jury Selection set for 6/1/2020 09:00AM before District Judge Rodney Gilstrap., Mediation Completion due by 12/24/2019., Markman Hearing set for 11/26/2019 01:30 PM before District Judge Rodney Gilstrap., Motions due by 4/6/2020., Proposed Pretrial Order due by 4/20/2020. Signed by District Judge Rodney Gilstrap on 4/2/2019. (ch, ) (Entered: 04/03/2019) |

| 04/03/2019 | 60 | REDACTION to 53 Sealed Reply to Response to Motion, *MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Supplemental Declaration of Kfir Moyal, # 2 Exhibit D - Redacted in Full)(Findlay, Eric) (Entered: 04/03/2019) |
| --- | --- | --- |
| 04/04/2019 | 61 | ORDER granting 56 Motion to Seal. ORDERED that Plaintiffs Reply in Support of Its Motion to Strike Portions of Defendants Motion to Dismiss, and in the Alternative, Motion to Transfer Venue (Dkt. No. 57) is filed under seal. Signed by District Judge Rodney Gilstrap on 4/3/2019. (ch, ) (Entered: 04/04/2019) |
| 04/04/2019 | 62 | DISCOVERY ORDER granting 55 Joint MOTION for Entry of Partially Disputed Proposed Discovery Order. Signed by District Judge Rodney Gilstrap on 4/4/2019. (ch, ) (Entered: 04/04/2019) |
| 04/04/2019 | 63 | REDACTION to 57 Sealed PATENT Reply to Response to PATENT Motion by Luminati Networks Ltd.. (Wielkopolski, Ronald) (Entered: 04/04/2019) |
| 04/05/2019 | 64 | SUR-REPLY to Reply to Response to Motion re 40 Opposed MOTION to Strike 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE filed by BI Science (2009) Ltd., BI Science Inc..* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Findlay, Eric) (Entered: 04/05/2019) |
| 04/08/2019 | 65 | Opposed MOTION TO REMOVE THE CONFIDENTIAL DESIGNATION TO PLAINTIFF LUMINATI NETWORKS LTD.'S INFRINGEMENT CONTENTIONS by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 04/08/2019) |
| 04/08/2019 | 66 | Unopposed MOTION to Seal Document *DEFENDANTS' ADDITIONAL ATTACHMENT TO THEIR MOTION TO REMOVE THE CONFIDENTIAL DESIGNATION TO PLAINTIFF LUMINATI NETWORKS LTD.'S INFRINGEMENT CONTENTIONS* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 04/08/2019) |
| 04/08/2019 | 🔒 67 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 65 Opposed MOTION TO REMOVE THE CONFIDENTIAL DESIGNATION TO PLAINTIFF LUMINATI NETWORKS LTD.'S INFRINGEMENT CONTENTIONS . (Attachments: # 1 Exhibit A - Plaintiff's Patent Local Rule 3-1 and 3-2 Disclosures)(Findlay, Eric) (Entered: 04/08/2019) |
| 04/08/2019 | 68 | Opposed MOTION to Expedite *BRIEFING ON ITS MOTION TO REMOVE THE CONFIDENTIAL DESIGNATION FROM PLAINTIFF'S INFRINGEMENT CONTENTIONS* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order) (Findlay, Eric) (Entered: 04/08/2019) |
| 04/08/2019 | 69 | Joint MOTION for Protective Order *(Agreed)* by Luminati Networks |

| | | |
|---|---|---|
| | | Ltd.. (Attachments: # 1 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 04/08/2019) |
| 04/08/2019 | 70 | NOTICE of Discovery Disclosure by Luminati Networks Ltd. *re Initial and Additional Disclosures* (Harkins, Robert) (Entered: 04/08/2019) |
| 04/08/2019 | 71 | NOTICE of Discovery Disclosure by BI Science (2009) Ltd., BI Science Inc. *OF COMPLIANCE REGARDING INITIAL AND ADDITIONAL DISCLOSURES* (Findlay, Eric) (Entered: 04/08/2019) |
| 04/09/2019 | 72 | Unopposed MOTION to Seal *Sur-Reply to Motion to Dismiss, and in the Alternative, Motion to Transfer* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 04/09/2019) |
| 04/09/2019 | 73 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE filed by Luminati Networks Ltd..* (Wielkopolski, Ronald) (Entered: 04/09/2019) |
| 04/09/2019 | 74 | ORDER granting 66 Unopposed MOTION to Seal Document DEFENDANTS' ADDITIONAL ATTACHMENT TO THEIR MOTION TO REMOVE THE CONFIDENTIAL DESIGNATION TO PLAINTIFF LUMINATI NETWORKS LTD.'S INFRINGEMENT CONTENTIONS. Signed by District Judge Rodney Gilstrap on 4/9/2019. (ch, ) (Entered: 04/10/2019) |
| 04/09/2019 | 76 | PROTECTIVE ORDER granting 69 Joint MOTION for Protective Order (Agreed). Signed by District Judge Rodney Gilstrap on 4/9/2019. (ch, ) (Entered: 04/10/2019) |
| 04/10/2019 | 75 | ORDER granting 68 Opposed MOTION to Expedite BRIEFING ON ITS MOTION TO REMOVE THE CONFIDENTIAL DESIGNATION FROM PLAINTIFF'S INFRINGEMENT CONTENTIONS. Signed by District Judge Rodney Gilstrap on 4/9/2019. (ch, ) (Entered: 04/10/2019) |
| 04/10/2019 | 77 | REDACTION to 67 Sealed Additional Attachments to Main Document, by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Exhibit A - Redacted)(Findlay, Eric) (Entered: 04/10/2019) |
| 04/10/2019 | 78 | ORDER granting 72 Unopposed Motion for Leave to File Under Seal. Signed by District Judge Rodney Gilstrap on 4/10/2019. (ch, ) (Entered: 04/11/2019) |
| 04/11/2019 | 79 | REDACTION to 73 Sealed PATENT Sur-Reply to Reply to Response to PATENT Motion by Luminati Networks Ltd.. (Wielkopolski, Ronald) (Entered: 04/11/2019) |
| 04/12/2019 | 80 | RESPONSE in Opposition re 65 Opposed MOTION TO REMOVE THE CONFIDENTIAL DESIGNATION TO PLAINTIFF LUMINATI NETWORKS LTD.'S INFRINGEMENT CONTENTIONS *filed by Luminati Networks Ltd..* (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Text of |

| | | Proposed Order)(Wielkopolski, Ronald) (Entered: 04/12/2019) |
|---|---|---|
| 04/24/2019 | 81 | ORDER granting in part and denying in part 65 Motion Remove the Confidential Designation to Plaintiff Luminati Networks Ltd.s (Luminati) Infringement Contentions. Signed by District Judge Rodney Gilstrap on 4/24/2019. (nkl, ) (Entered: 04/24/2019) |
| 05/13/2019 | 82 | MEMORANDUM OPINION AND ORDER re 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* filed by BI Science Inc., BI Science (2009) Ltd., 22 SEALED PATENT MOTION *for Early Venue Discovery* filed by Luminati Networks Ltd., 15 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* filed by BI Science Inc., 40 Opposed MOTION to Strike 36 SEALED MOTION *TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE* filed by Luminati Networks Ltd... Signed by District Judge Rodney Gilstrap on 5/13/2019. (nkl, ) (Entered: 05/13/2019) |
| 05/17/2019 | 83 | Unopposed MOTION for Extension of Time to Complete Discovery *regarding Compliance with P.R. 3-3 and 3-4 Disclosures* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/17/2019) |
| 05/21/2019 | 84 | ORDER granting 83 Motion for Extension of Time to Complete Discovery regarding Compliance with P.R. 3-3 and 3-4 Disclosures. Signed by District Judge Rodney Gilstrap on 5/20/2019. (nkl, ) (Entered: 05/21/2019) |
| 05/28/2019 | 85 | ANSWER to 28 Amended Complaint, *Affirmative Defenses and*, COUNTERCLAIM against Luminati Networks Ltd., Hola Networks Ltd. by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Exhibit A - TheMarker Article)(Findlay, Eric) (Entered: 05/28/2019) |
| 05/29/2019 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (ch, ) (Entered: 05/29/2019) |
| 06/18/2019 | 86 | Unopposed MOTION for Extension of Time to File Answer re 85 Answer to Amended Complaint,, Counterclaim, by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 06/18/2019) |
| 06/19/2019 | 87 | MEMORANDUM OPINION AND ORDER re 86 Unopposed Motion to Extend Time to Answer Counterclaims. Signed by District Judge Rodney Gilstrap on 6/19/2019. (nkl, ) (Entered: 06/19/2019) |
| 06/19/2019 | 88 | MOTION to Dismiss *Counterclaims of False Advertising and Monopolization* by Luminati Networks Ltd.. (Attachments: # 1 Text of |

| | | Proposed Order)(Wielkopolski, Ronald) (Entered: 06/19/2019) |
|---|---|---|
| 06/27/2019 | 89 | Unopposed MOTION for Extension of Time to File Response/Reply as to 88 MOTION to Dismiss *Counterclaims of False Advertising and Monopolization* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 06/27/2019) |
| 07/01/2019 | 90 | ORDER granting 89 Motion for Extension of Time to File Response/Reply re 88 MOTION to Dismiss *Counterclaims of False Advertising and Monopolization* Responses due by 7/12/2019. Signed by District Judge Rodney Gilstrap on 7/1/19. (ch, ) (Entered: 07/02/2019) |
| 07/12/2019 | 91 | RESPONSE to Motion re 88 MOTION to Dismiss *Counterclaims of False Advertising and Monopolization filed by* BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 07/12/2019) |
| 07/22/2019 | 92 | ***WITHDRAWN PER ORDER #96***REPLY to Response to Motion re 88 MOTION to Dismiss *Counterclaims of False Advertising and Monopolization filed by Luminati Networks Ltd..* (Wielkopolski, Ronald) Modified on 7/30/2019 (ch, ). (Entered: 07/22/2019) |
| 07/23/2019 | 93 | NOTICE of Discovery Disclosure by Luminati Networks Ltd. *re P.R. 4-1* (Wielkopolski, Ronald) (Entered: 07/23/2019) |
| 07/23/2019 | 94 | NOTICE of Discovery Disclosure by BI Science (2009) Ltd., BI Science Inc. *REGARDING P.R. 4-1 DISCLOSURES* (Findlay, Eric) (Entered: 07/23/2019) |
| 07/24/2019 | 95 | Agreed MOTION to Withdraw 92 Reply to Response to Motion *and Resubmit* by Luminati Networks Ltd.. (Attachments: # 1 Exhibit A - Reply, # 2 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 07/24/2019) |
| 07/29/2019 | 96 | ORDER granting 95 Motion to Withdraw 92 Reply to Response to Motion. Signed by District Judge Rodney Gilstrap on 7/29/19. (ch, ) (Entered: 07/30/2019) |
| 07/30/2019 | 97 | REPLY to Response to Motion re 88 MOTION to Dismiss *Counterclaims of False Advertising and Monopolization filed by Luminati Networks Ltd..* (Wielkopolski, Ronald) (Entered: 07/30/2019) |
| 08/01/2019 | 98 | SUR-REPLY to Reply to Response to Motion re 88 MOTION to Dismiss *Counterclaims of False Advertising and Monopolization filed by BI Science (2009) Ltd., BI Science Inc..* (Findlay, Eric) (Entered: 08/01/2019) |
| 08/13/2019 | 99 | NOTICE of Discovery Disclosure by Luminati Networks Ltd. *re P.R. 4-2* (Wielkopolski, Ronald) (Entered: 08/13/2019) |
| 08/14/2019 | 100 | NOTICE of Discovery Disclosure by BI Science (2009) Ltd., BI Science Inc. *of Compliance re 4-2 Disclosures* (Findlay, Eric) (Entered: |

| | | 08/14/2019) |
|---|---|---|
| 09/03/2019 | 101 | Joint MOTION to Amend/Correct *EXTEND THE DEADLINE FOR COMPLIANCE WITH P.R. 4-3* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order First Amended Docket Control Order)(Findlay, Eric) (Entered: 09/03/2019) |
| 09/05/2019 | 102 | FIRST AMENDED DOCKET CONTROL ORDER granting 101 Joint MOTION to Amend/Correct EXTEND THE DEADLINE FOR COMPLIANCE WITH P.R. 4-3. Signed by District Judge Rodney Gilstrap on 9/5/2019. (ch, ) (Entered: 09/05/2019) |
| 09/06/2019 | 103 | P.R. 4-3 Joint Claim Construction and Prehearing Statement by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Exhibit A - Disputed Constructions and Supporting Evidence)(Findlay, Eric) (Entered: 09/06/2019) |
| 09/17/2019 | 104 | NOTICE of Attorney Appearance - Pro Hac Vice by Mord Michael Lewis on behalf of BI Science (2009) Ltd., BI Science Inc.. Filing fee $ 100, receipt number 0540-7438775. (Lewis, Mord) (Entered: 09/17/2019) |
| 09/17/2019 | 105 | NOTICE of Attorney Appearance - Pro Hac Vice by Ronald Abramson on behalf of BI Science (2009) Ltd., BI Science Inc.. Filing fee $ 100, receipt number 0540-7438795. (Abramson, Ronald) (Entered: 09/17/2019) |
| 10/09/2019 | 106 | Joint MOTION for Entry of Order Regarding E-Discovery in Patent Cases by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 10/09/2019) |
| 10/10/2019 | 107 | ORDER REGARDING E-DISCOVERY IN PATENT CASES granting 106 Joint MOTION for Entry of Order Regarding E-Discovery in Patent Cases. Signed by District Judge Rodney Gilstrap on 10/9/2019. (ch, ) (Entered: 10/10/2019) |
| 10/15/2019 | 108 | ***FILED IN ERROR***<br><br>NOTICE by Luminati Networks Ltd. *of Technology Tutorial* (Wielkopolski, Ronald) Modified on 10/16/2019 (ch, ). (Entered: 10/15/2019) |
| 10/15/2019 | 109 | OPENING CLAIM CONSTRUCTION BRIEF filed by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L)(Harkins, Robert) (Entered: 10/15/2019) |
| 10/16/2019 | | ***FILED IN ERROR. FILE A NOTICE AND ATTACH AS ATTACHMENT Document # 108, NOTICE by Luminati Networks Ltd. of Technology Tutorial. PLEASE IGNORE.***<br><br>(ch, ) (Entered: 10/16/2019) |

| 10/16/2019 | 110 | NOTICE by Luminati Networks Ltd. *of Technology Tutorial* (Attachments: # 1 Exhibit Tutorial)(Wielkopolski, Ronald) (Entered: 10/16/2019) |
|---|---|---|
| 10/18/2019 | 111 | Unopposed MOTION to Amend/Correct *First Amended Docket Control Order* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order Second Amended Docket Control Order)(Findlay, Eric) (Entered: 10/18/2019) |
| 10/22/2019 | 112 | Order Referring Case for Claim Construction Purposes Only to Judge Roy S Payne. Signed by District Judge Rodney Gilstrap on 10/22/2019. (ch, ) (Entered: 10/22/2019) |
| 10/22/2019 | 113 | ORDER granting 111 Unopposed MOTION to Amend/Correct First Amended Docket Control Order. Signed by District Judge Rodney Gilstrap on 10/22/2019. (ch, ) (Entered: 10/22/2019) |
| 10/22/2019 |  | NOTICE of Hearing:Markman Hearing set for 11/26/2019 01:30 PM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 10/22/2019) |
| 10/22/2019 | 🔒 | (Court only) ***Party Donald E Tiller added. (ch, ) (Entered: 10/22/2019) |
| 10/22/2019 | 114 | ORDER - Court appoints Don Tiller as the technical advisor. Signed by Magistrate Judge Roy S. Payne on 10/22/2019. (ch, ) (Entered: 10/22/2019) |
| 11/04/2019 | 🔒 115 | Sealed Document - RESPONSIVE CLAIM CONSTRUCTION BRIEF filed by BI Science (2009) Ltd and BI Science Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Findlay, Eric) (Entered: 11/04/2019) |
| 11/06/2019 | 116 | REDACTION to 115 Sealed Document *RESPONSIVE CLAIM CONSTRUCTION BRIEF* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B - Redacted in Full)(Findlay, Eric) (Entered: 11/06/2019) |
| 11/07/2019 | 117 | NOTICE of Attorney Appearance by Kelce Steven Wilson on behalf of BI Science (2009) Ltd., BI Science Inc. (Wilson, Kelce) (Entered: 11/07/2019) |
| 11/07/2019 | 118 | NOTICE of Attorney Appearance by Debra Elaine Gunter on behalf of BI Science (2009) Ltd., BI Science Inc. (Gunter, Debra) (Entered: 11/07/2019) |
| 11/14/2019 | 119 | REPLY to 109 Claim Construction Brief, *filed by Luminati Networks Ltd..* (Harkins, Robert) (Entered: 11/14/2019) |
| 11/14/2019 | 🔒 120 | SEALED PATENT MOTION *to Compel Production of Documents* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Cherian, Korula) (Entered: 11/14/2019) |
| 11/15/2019 | 121 | Joint MOTION to Amend/Correct 113 Order on Motion to Amend/Correct by Luminati Networks Ltd.. (Attachments: # 1 Text of |

| | | Proposed Order)(Wielkopolski, Ronald) (Entered: 11/15/2019) |
|---|---|---|
| 11/15/2019 | 122 | P.R. 4-5(d) Joint Claim Construction Chart by Luminati Networks Ltd.. (Attachments: # 1 Exhibit A - Chart)(Wielkopolski, Ronald) (Entered: 11/15/2019) |
| 11/18/2019 | 123 | REDACTION to 120 SEALED PATENT MOTION *to Compel Production of Documents* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Cherian, Korula) (Entered: 11/18/2019) |
| 11/19/2019 | 124 | THIRD AMENDED DOCKET CONTROL ORDER granting 121 Joint MOTION to Amend/Correct 113 Order on Motion to Amend/Correct. Pretrial Conference set for 4/27/2020 09:00 AM before District Judge Rodney Gilstrap., Jury Selection set for 6/1/2020 09:00AM before District Judge Rodney Gilstrap., Mediation Completion due by 12/24/2019., Markman Hearing set for 11/26/2019 01:30 PM before District Judge Rodney Gilstrap., Motions due by 4/13/2020., Proposed Pretrial Order due by 4/20/2020. Signed by District Judge Rodney Gilstrap on 11/19/2019. (ch, ) (Entered: 11/19/2019) |
| 11/19/2019 | 125 | Unopposed MOTION for Extension of Time to File Response/Reply as to 120 SEALED PATENT MOTION *to Compel Production of Documents* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 11/19/2019) |
| 11/20/2019 | | NOTICE of Hearing:Markman Hearing set for 11/26/2019 01:30 PM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 11/20/2019) |
| 11/26/2019 | 126 | Minute Entry for proceedings held before Magistrate Judge Roy S. Payne: Markman Hearing held on 11/26/2019. (Court Reporter Shelly Holmes.) (bga, ) (Entered: 11/26/2019) |
| 12/01/2019 | 127 | NOTICE by Luminati Networks Ltd. *of Markman Hearing Presentation Slides* (Attachments: # 1 Exhibit Slides)(Harkins, Robert) (Entered: 12/01/2019) |
| 12/03/2019 | 128 | RESPONSE to Motion re 120 SEALED PATENT MOTION *to Compel Production of Documents filed by BI Science (2009) Ltd., BI Science Inc..* (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 12/03/2019) |
| 12/05/2019 | 129 | ORDER - The Court has received Mr. Tillers invoice for services through December 4, 2019, the court hereby ORDERS payment to be promptly made as follows herein. Signed by Magistrate Judge Roy S. Payne on 12/5/19. (ch, ) (Entered: 12/06/2019) |
| 12/06/2019 | 130 | CLAIM CONSTRUCTION MEMORANDUM OPINION AND ORDER. Signed by Magistrate Judge Roy S. Payne on 12/6/19. (ch, ) (Entered: 12/06/2019) |
| 12/17/2019 | 131 | PAPER TRANSCRIPT REQUEST by BI Science Inc. for proceedings held on 11/26/19 Claim Construction Hearing before Judge Payne. (Findlay, Eric) (Forwarded to Court Reporter, Shelly Holmes, on |

| | | 12/17/2019) (slo). (Entered: 12/17/2019) |
|---|---|---|
| 12/30/2019 | 132 | REPORT of Mediation by William Joseph Cornelius. Mediation result: impasse(Cornelius, William) (Entered: 12/30/2019) |
| 01/08/2020 | 133 | Opposed MOTION to Compel *Responses to Plaintiff's First Set of Interrogatories* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit A, # 3 Text of Proposed Order) (Cherian, Korula) (Entered: 01/08/2020) |
| 01/08/2020 | 134 | Opposed MOTION to Compel *Production of Electronic Discovery* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkolpolski, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Cherian, Korula) (Entered: 01/08/2020) |
| 01/22/2020 | 135 | RESPONSE in Opposition re 133 Opposed MOTION to Compel *Responses to Plaintiff's First Set of Interrogatories filed by BI Science Inc.*. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Findlay, Eric) (Entered: 01/22/2020) |
| 01/22/2020 | 136 | RESPONSE in Opposition re 134 Opposed MOTION to Compel *Production of Electronic Discovery filed by BI Science Inc.*. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 01/22/2020) |
| 01/23/2020 | 137 | Unopposed MOTION for Hearing *to Resolve Pending Discovery Disputes* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Wielkopolski, Ronald) (Entered: 01/23/2020) |
| 01/27/2020 | 138 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/26/19 (Claim Construction Hearing) before Judge Roy S. Payne. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 2/17/2020. Release of Transcript Restriction set for 4/27/2020. (sholmes, ) (Entered: 01/27/2020) |
| 01/30/2020 | 139 | ORDER granting 137 Unopposed MOTION for Hearing *to Resolve Pending Discovery Disputes*. ORDER Setting Hearing on Motion 120 SEALED PATENT MOTION to Compel Production of Documents, 133 *Opposed MOTION to Compel Responses to Plaintiff's First Set of Interrogatories, 134 Opposed MOTION to Compel Production of Electronic Discovery. Motion Hearing set for 2/3/2020 02:00 PM before District Judge Rodney Gilstrap. Signed by District Judge* |

| | | |
|---|---|---|
| | | *Rodney Gilstrap on 1/30/2020. (ch, ) (Entered: 01/30/2020)* |
| 02/03/2020 | 140 | NOTICE by BI Science Inc. re 139 Order,,, Terminate Motions,,, Order Setting Hearing on Motion,, *of Compliance* (Findlay, Eric) (Entered: 02/03/2020) |
| 02/03/2020 | 141 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Motion Hearing held on 2/3/2020 re 120 SEALED PATENT MOTION *to Compel Production of Documents* 133 Opposed MOTION to Compel *Responses to Plaintiff's First Set of Interrogatories* 125 Unopposed MOTION for Extension of Time to File Response/Reply 134 Opposed MOTION to Compel *Production of Electronic Discovery* (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 02/03/2020) |
| 02/04/2020 | 142 | ORDER MEMORIALIZING. Signed by District Judge Rodney Gilstrap on 2/4/2020. (ch, ) (Entered: 02/04/2020) |
| 02/04/2020 | 143 | PAPER TRANSCRIPT REQUEST by BI Science Inc. for proceedings held on 02/03/2020 Hearing on Motions to Compel before Judge Gilstrap. (Findlay, Eric) (Forwarded to court reporter, Shelly Holmes, on 2/4/2020) (slo) (Entered: 02/04/2020) |
| 02/04/2020 | 144 | ORDER - ORDERED that the parties shall conduct a mediation session with Mediator William Cornelius not later than ten (10) days after the deadline to complete fact discovery. Signed by District Judge Rodney Gilstrap on 2/4/2020. (ch, ) (Entered: 02/04/2020) |
| 02/07/2020 | 145 | NOTICE by Luminati Networks Ltd. *of Third-Party Subpoenas* (Attachments: # 1 Exhibit Subpoena, # 2 Exhibit Subpoena, # 3 Exhibit Subpoena)(Harkins, Robert) (Entered: 02/07/2020) |
| 02/07/2020 | 146 | NOTICE of Attorney Appearance by Amadou Kilkenny Diaw on behalf of Luminati Networks Ltd. (Diaw, Amadou) (Entered: 02/07/2020) |
| 02/10/2020 | 147 | Unopposed MOTION to Substitute Attorney *(Lead Attorney)* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order) (Wielkopolski, Ronald) (Entered: 02/10/2020) |
| 02/10/2020 | 148 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 2/3/20 (Motion Hearing) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. |

| | | |
|---|---|---|
| | | Motion to Redact due 3/2/2020. Release of Transcript Restriction set for 5/11/2020. (sholmes, ) (Entered: 02/10/2020) |
| 02/10/2020 | 149 | Unopposed MOTION for Leave to File Excess Pages by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 02/10/2020) |
| 02/10/2020 | 150 | Opposed MOTION for Judgment on the Pleadings *Under Rule 12(c) and 35 U.S.C. § 101* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 02/10/2020) |
| 02/10/2020 | 151 | Opposed MOTION to Compel *SETTLEMENT AGREEMENT AND DEPOSITIONS AND TO SHORTEN RESPONSE PERIOD* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1)(Findlay, Eric) (Entered: 02/10/2020) |
| 02/11/2020 | 152 | RESPONSE in Opposition re 151 Opposed MOTION to Compel *SETTLEMENT AGREEMENT AND DEPOSITIONS AND TO SHORTEN RESPONSE PERIOD* filed by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Cherian, Korula) (Entered: 02/11/2020) |
| 02/11/2020 | 153 | ORDER denying without prejudice 147 Unopposed MOTION to Substitute Attorney (Lead Attorney). Signed by District Judge Rodney Gilstrap on 2/11/2020. (ch, ) (Entered: 02/11/2020) |
| 02/11/2020 | 154 | ORDER re 151 Opposed MOTION to Compel *SETTLEMENT AGREEMENT AND DEPOSITIONS AND TO SHORTEN RESPONSE PERIOD. ORDERS that Luminati shall file its response to the Motion no later than Tuesday, February 18, 2020. Signed by District Judge Rodney Gilstrap on 2/11/2020. (ch, ) (Entered: 02/11/2020)* |
| 02/11/2020 | 155 | ORDER granting 149 Motion for Leave to File Excess Pages. Signed by District Judge Rodney Gilstrap on 2/11/2020. (ch, ) (Entered: 02/11/2020) |
| 02/11/2020 | 🔒 156 | SEALED MOTION *TO STRIKE PLAINTIFF'S AMENDED INFRINGEMENT CONTENTIONS* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Findlay, Eric) (Entered: 02/11/2020) |
| 02/14/2020 | 157 | REDACTION to 156 SEALED MOTION *TO STRIKE PLAINTIFF'S AMENDED INFRINGEMENT CONTENTIONS* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C - Redacted in Full, # 5 Exhibit D - Redacted in Full)(Findlay, Eric) (Entered: 02/14/2020) |
| 02/18/2020 | 158 | RESPONSE in Opposition re 151 Opposed MOTION to Compel *SETTLEMENT AGREEMENT AND DEPOSITIONS AND TO SHORTEN RESPONSE PERIOD* filed by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit A, # 3 Exhibit B, |

| | | | |
|---|---|---|---|
| | | | # 4 Text of Proposed Order)(Cherian, Korula) (Entered: 02/18/2020) |
| 02/19/2020 | 🔒 | 159 | Opposed SEALED PATENT MOTION *to Compel Depositions and Sanction Defendant BI Science* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Harkins, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Text of Proposed Order)(Cherian, Korula) (Entered: 02/19/2020) |
| 02/19/2020 | | 160 | Opposed MOTION for Protective Order by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Findlay, Eric) (Entered: 02/19/2020) |
| 02/19/2020 | 🔒 | 161 | Opposed SEALED PATENT MOTION *To Compel Documents from Defendant BI Science* by Luminati Networks Ltd.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Cherian, Korula) (Entered: 02/19/2020) |
| 02/20/2020 | | 162 | ORDER Setting Hearing on Motion 160 Opposed MOTION for Protective Order , 161 Opposed SEALED PATENT MOTION *To Compel Documents from Defendant BI Science*, 159 Opposed SEALED PATENT MOTION *to Compel Depositions and Sanction Defendant BI Science* : Motion Hearing set for 2/24/2020 01:30 PM before District Judge Rodney Gilstrap.. Signed by District Judge Rodney Gilstrap on 2/20/2020. (ch, ) (Entered: 02/20/2020) |
| 02/21/2020 | | 163 | REDACTION to 161 Opposed SEALED PATENT MOTION *To Compel Documents from Defendant BI Science* by Luminati Networks Ltd.. (Attachments: # 1 Exhibit A - Remains Under Seal, # 2 Text of Proposed Order)(Cherian, Korula) (Entered: 02/21/2020) |
| 02/21/2020 | | 164 | REDACTION to 159 Opposed SEALED PATENT MOTION *to Compel Depositions and Sanction Defendant BI Science* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Harkins, # 2 Exhibit A - Remains Under Seal, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Text of Proposed Order)(Cherian, Korula) (Entered: 02/21/2020) |
| 02/21/2020 | 🔒 | 165 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 160 Opposed MOTION for Protective Order *filed by Luminati Networks Ltd.*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Cherian, Korula) (Entered: 02/21/2020) |
| 02/23/2020 | | 166 | Joint MOTION to Stay *All Deadlines Due to Settlement* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Harkins, Robert) Modified on 2/24/2020 (ch, ). (Entered: 02/23/2020) |
| 02/23/2020 | | 167 | ORDER granting 166 Motion to Stay. Signed by District Judge Rodney Gilstrap on 2/23/2020. (jrg3, ) (Entered: 02/23/2020) |
| 02/24/2020 | | 168 | REPORT of Mediation by William Joseph Cornelius. Mediation result: settled(Cornelius, William) (Entered: 02/24/2020) |
| 02/24/2020 | | 169 | REDACTION to 165 Sealed Patent Response to Sealed Patent Motion, |

| | | |
|---|---|---|
| | | by Luminati Networks Ltd.. (Attachments: # 1 Exhibit A - Remains Under Seal, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order) (Cherian, Korula) (Entered: 02/24/2020) |
| 03/18/2020 | 🔒 170 | SEALED PATENT MOTION *To Enforce Settlement Agreement* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Text of Proposed Order)(Cherian, Korula) (Entered: 03/18/2020) |
| 03/19/2020 | 171 | Unopposed MOTION to Expedite *BRIEFING ON PLAINTIFF LUMINATI NETWORKS LTD.S MOTION TO ENFORCE SETTLEMENT AGREEMENT* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Cherian, Korula) (Entered: 03/19/2020) |
| 03/20/2020 | 172 | REDACTION to 170 SEALED PATENT MOTION *To Enforce Settlement Agreement* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit A, C-J, N, and P-R Remain Under Seal, # 3 Exhibit B, # 4 Exhibit K, # 5 Exhibit L, # 6 Exhibit M, # 7 Exhibit O, # 8 Text of Proposed Order)(Cherian, Korula) (Entered: 03/20/2020) |
| 03/23/2020 | 173 | NOTICE of Attorney Appearance by James Mark Mann on behalf of Luminati Networks Ltd. (Mann, James) (Entered: 03/23/2020) |
| 03/23/2020 | 174 | ORDER granting 171 Unopposed MOTION to Expedite BRIEFING ON PLAINTIFF LUMINATI NETWORKS LTD.S MOTION TO ENFORCE SETTLEMENT AGREEMENT. Signed by District Judge Rodney Gilstrap on 3/23/2020. (ch, ) (Entered: 03/24/2020) |
| 03/25/2020 | 🔒 175 | SEALED RESPONSE to Motion re 170 SEALED PATENT MOTION *To Enforce Settlement Agreement* filed by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Findlay, Eric) (Entered: 03/25/2020) |
| 03/25/2020 | 🔒 176 | Sealed Document - Supplemental Exhibit A to 175 Defendant's Opposition to Plaintiff's Motion to Enforce Settlement Agreement. (Attachments: # 1 Exhibit A - Declaration of Kfir Moyal)(Findlay, Eric) (Entered: 03/25/2020) |
| 03/27/2020 | 177 | REDACTION to 175 Sealed Response to Motion, *to Enforce Settlement Agreement* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Exhibit A - Redacted in Full, # 2 Exhibit B - Redacted in Full, # 3 Exhibit C - Redacted in Full, # 4 Exhibit D - Redacted in Full, # 5 Text of Proposed Order)(Findlay, Eric) (Entered: 03/27/2020) |
| 03/29/2020 | 178 | NOTICE of Attorney Appearance by Gregory Blake Thompson on behalf of Luminati Networks Ltd. (Thompson, Gregory) (Entered: |

| | | 03/29/2020) |
|---|---|---|
| 03/31/2020 | 179 | NOTICE by Luminati Networks Ltd. *OF ADDITIONAL ACTIONS IN RELATED MATTERS* (Attachments: # 1 Exhibit A)(Cherian, Korula) (Entered: 03/31/2020) |
| 04/03/2020 | | NOTICE of Hearing: TELEPHONIC Status Conference re 170 SEALED PATENT MOTION To Enforce Settlement Agreement and 175 SEALED RESPONSE to Motion set for 4/6/2020 01:00 PM before District Judge Rodney Gilstrap. ***The Court's telephone conference number is 877-336-1839. The Access Code is 5737419#. *Participants should use a landline phone connection, unless use of a cellular connection is the only viable means available. Participants shall mute themselves upon joining the conference and stay muted unless speaking. Further participants shall identify themselves each and every time they speak.****(jml) (Entered: 04/03/2020) |
| 04/06/2020 | | Minute Entry for proceedings held before District Judge Rodney Gilstrap: TELEPHONIC Status Conference held on 4/6/2020. The Court held the Status Conference to discuss 170 SEALED PATENT MOTION To Enforce Settlement Agreement filed by Luminati Networks Ltd. Mr. Diaw, Mr. Mann, Mr. Harkins, Mr. Wielkopolski, Mr. Capshaw, and Mr. Cherian appeared as counsel for Plaintiff. Mr. Findlay and Ms. Gunter appeared as counsel for Defendant. (Court Reporter Shelly Holmes, CSR-TCRR.) (klc, ) (Entered: 04/06/2020) |
| 04/06/2020 | | NOTICE of Video Hearing on Motion 170 SEALED PATENT MOTION *To Enforce Settlement Agreement* and 175 Response to Motion: Motion Hearing set for 4/13/2020 02:00 PM before District Judge Rodney Gilstrap. ***The Court will email instructions to Counsel in advance of the hearing.***(jml) (Entered: 04/06/2020) |
| 04/08/2020 | | NOTICE of Video Hearing on Motion 170 SEALED PATENT MOTION To Enforce Settlement Agreement and 175 Response to Motion: Motion Hearing RESET for 4/13/2020 03:00 PM before District Judge Rodney Gilstrap. ***The Court will email instructions to Counsel in advance of the hearing.***(jml) (Entered: 04/08/2020) |
| 04/08/2020 | 🔒 180 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 4/6/20 (Telephonic Status Conference) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. |

| | | |
|---|---|---|
| | | Motion to Redact due 4/29/2020. Release of Transcript Restriction set for 7/7/2020. (sholmes, ) (Entered: 04/08/2020) |
| 04/13/2020 | [181] | Minute Entry for proceedings held before District Judge Rodney Gilstrap: VIDEO Motion Hearing held on 4/13/2020 re [170] SEALED PATENT MOTION *To Enforce Settlement Agreement* filed by Luminati Networks Ltd.. (Court Reporter Shelly Holmes, CSR-TCRR.) (jml) (Entered: 04/13/2020) |
| 04/15/2020 | 🔒 [182] | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 4/13/20 (Motion Hearing) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 5/6/2020. Release of Transcript Restriction set for 7/14/2020. (sholmes, ) (Entered: 04/15/2020) |
| 04/15/2020 | 🔒 [183] | Sealed Transcript. (sholmes, ) (Entered: 04/15/2020) |
| 04/28/2020 | [184] | NOTICE by Luminati Networks Ltd. *of Relevant Determination* (Attachments: # [1] Exhibit A, # [2] Exhibit B)(Cherian, Korula) (Entered: 04/28/2020) |
| 04/29/2020 | 🔒 [185] | Opposed SEALED MOTION *For Enforcement of Settlement Agreement and Arbitrator's Award* by Luminati Networks Ltd.. (Attachments: # [1] Exhibit A, # [2] Exhibit B, # [3] Exhibit C, # [4] Text of Proposed Order)(Mann, James) (Entered: 04/29/2020) |
| 05/01/2020 | [186] | REDACTION to [185] Opposed SEALED MOTION *For Enforcement of Settlement Agreement and Arbitrator's Award* by Luminati Networks Ltd.. (Attachments: # [1] Exhibit A-C Remain Under Seal, # [2] Text of Proposed Order)(Cherian, Korula) (Entered: 05/01/2020) |
| 05/01/2020 | 🔒 [187] | SEALED PATENT MOTION *for Sanctions* by Luminati Networks Ltd.. (Attachments: # [1] Affidavit Wielkopolski, # [2] Exhibit A, # [3] Exhibit B, # [4] Exhibit C, # [5] Exhibit D, # [6] Exhibit E, # [7] Exhibit F, # [8] Exhibit G, # [9] Exhibit H, # [10] Exhibit I, # [11] Exhibit J, # [12] Text of Proposed Order)(Cherian, Korula) (Entered: 05/01/2020) |
| 05/01/2020 | 🔒 [188] | Opposed SEALED MOTION *TO WITHDRAW FINDLAY CRAFT, P.C. AS COUNSEL AND TO STAY CASE FOR SUBSTITUTE COUNSEL TO APPEAR* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # [1] Text of Proposed Order, # [2] Declaration of Eric H. Findlay) (Findlay, Eric) (Entered: 05/01/2020) |
| | | |

| 05/04/2020 | | 189 | REDACTION to 187 SEALED PATENT MOTION *for Sanctions* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit A, E, F, G, and J Remain Under Seal, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit H, # 7 Exhibit I, # 8 Text of Proposed Order)(Cherian, Korula) (Entered: 05/04/2020) |
| 05/05/2020 | | 190 | REDACTION to 188 Opposed SEALED MOTION *TO WITHDRAW FINDLAY CRAFT, P.C. AS COUNSEL AND TO STAY CASE FOR SUBSTITUTE COUNSEL TO APPEAR* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Eric H. Findlay)(Findlay, Eric) (Entered: 05/05/2020) |
| 05/06/2020 | 🔒 | 191 | (Sealed Document) Plaintiff Luminati Networks Ltd.'s Notice of Addendum to Final Arbitration Award (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mann, James) (Entered: 05/06/2020) |
| 05/06/2020 | | 192 | REDACTION to 191 Sealed Document *Plaintiff Luminati Networks Ltd.'s Notice of Addendum to Final Arbitration Award* by Luminati Networks Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mann, James) (Entered: 05/06/2020) |
| 05/06/2020 | | 193 | MOTION to Withdraw as Attorney by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order for Motion to Withdraw Ronald Abramson and M. Michael Lewis as Counsel for Defendant)(Lewis, Mord) (Entered: 05/06/2020) |
| 05/08/2020 | 🔒 | 194 | SEALED PATENT MOTION *to Enforce Settlement Agreement and Arbitration Award* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Text of Proposed Order)(Cherian, Korula) (Entered: 05/08/2020) |
| 05/11/2020 | | 195 | REDACTION to 194 SEALED PATENT MOTION *to Enforce Settlement Agreement and Arbitration Award* by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit A-K Remain Under Seal, # 3 Text of Proposed Order)(Cherian, Korula) (Entered: 05/11/2020) |
| 05/13/2020 | 🔒 | 196 | SEALED RESPONSE to Motion re 185 Opposed SEALED MOTION *For Enforcement of Settlement Agreement and Arbitrator's Award* filed by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/13/2020) |
| 05/14/2020 | | 197 | REDACTION to 196 Sealed Response to Motion *for Enforcement of Settlement Agreement and Arbitrator's Award* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order) (Findlay, Eric) (Entered: 05/14/2020) |
| 05/18/2020 | 🔒 | 198 | SEALED RESPONSE to Motion re 187 SEALED PATENT MOTION *for Sanctions* filed by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Findlay, Eric) (Entered: 05/18/2020) |

| | | | |
|---|---|---|---|
| 05/18/2020 | 🔒 | 199 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 188 Opposed SEALED MOTION *TO WITHDRAW FINDLAY CRAFT, P.C. AS COUNSEL AND TO STAY CASE FOR SUBSTITUTE COUNSEL TO APPEAR filed by Luminati Networks Ltd..* (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Cherian, Korula) (Entered: 05/18/2020) |
| 05/20/2020 | | 200 | REDACTION to 199 Sealed Patent Response to Sealed Patent Motion, by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit A and B Remain Under Seal, # 3 Text of Proposed Order)(Cherian, Korula) (Entered: 05/20/2020) |
| 05/20/2020 | | 201 | REDACTION to 198 Sealed Response to Motion, by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1 - REDACTED IN FULL, # 3 Exhibit 2 - REDACTED IN FULL, # 4 Exhibit 3 - REDACTED IN FULL, # 5 Exhibit 4 - REDACTED IN FULL)(Findlay, Eric) (Entered: 05/20/2020) |
| 05/21/2020 | 🔒 | 202 | SEALED PATENT REPLY to Response to PATENT Motion re 185 Opposed SEALED MOTION For Enforcement of Settlement Agreement and Arbitrator's Award by Luminati Networks Ltd. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit D, # 3 Exhibit E)(Cherian, Korula) Modified on 5/21/2020 (ch, ). (Entered: 05/21/2020) |
| 05/22/2020 | 🔒 | 203 | SEALED RESPONSE to Motion re 194 SEALED PATENT MOTION *to Enforce Settlement Agreement and Arbitration Award filed by BI Science (2009) Ltd., BI Science Inc..* (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/22/2020) |
| 05/26/2020 | | 204 | REDACTION to 203 Sealed Response to Motion *to Enforce Settlement Agreement and Arbitration Award* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/26/2020) |
| 05/26/2020 | 🔒 | 205 | SEALED REPLY to Response to Motion re 187 SEALED PATENT MOTION *for Sanctions filed by Luminati Networks Ltd..* (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit K)(Cherian, Korula) (Entered: 05/26/2020) |
| 05/26/2020 | | 206 | REDACTION to 202 Sealed PATENT Reply to Response to PATENT Motion, by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit D and E Remain Under Seal)(Cherian, Korula) (Entered: 05/26/2020) |
| 05/26/2020 | 🔒 | 207 | SEALED REPLY to Response to Motion re 188 Opposed SEALED MOTION *TO WITHDRAW FINDLAY CRAFT, P.C. AS COUNSEL AND TO STAY CASE FOR SUBSTITUTE COUNSEL TO APPEAR* filed by BI Science (2009) Ltd., BI Science Inc.. (Findlay, Eric) (Entered: 05/26/2020) |
| 05/27/2020 | | 208 | REDACTION to 207 Sealed Reply to Response to Motion *TO WITHDRAW FINDLAY CRAFT, P.C. AS COUNSEL AND TO STAY CASE FOR SUBSTITUTE COUNSEL TO APPEAR* by BI Science |

| | | |
|---|---|---|
| | | (2009) Ltd., BI Science Inc.. (Findlay, Eric) (Entered: 05/27/2020) |
| 05/28/2020 | 209 | REDACTION to 205 Sealed Reply to Response to Motion by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit K - Remains Under Seal)(Cherian, Korula) (Entered: 05/28/2020) |
| 05/29/2020 | 🔒 210 | SEALED PATENT REPLY to Response to PATENT MOTION re 194 SEALED PATENT MOTION *to Enforce Settlement Agreement and Arbitration Award filed by Luminati Networks Ltd..* (Cherian, Korula) (Entered: 05/29/2020) |
| 06/01/2020 | 211 | REDACTION to 210 Sealed PATENT Reply to Response to PATENT Motion by Luminati Networks Ltd.. (Cherian, Korula) (Entered: 06/01/2020) |
| 06/03/2020 | 🔒 212 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 188 Opposed SEALED MOTION *TO WITHDRAW FINDLAY CRAFT, P.C. AS COUNSEL AND TO STAY CASE FOR SUBSTITUTE COUNSEL TO APPEAR filed by Luminati Networks Ltd..* (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit C, # 3 Exhibit D)(Cherian, Korula) (Entered: 06/03/2020) |
| 06/03/2020 | 🔒 213 | SEALED NOTICE. (Attachments: # 1 Exhibit 1 - Hebrew, # 2 Exhibit 1 - English, # 3 Exhibit 2 - Hebrew, # 4 Exhibit 2 - English, # 5 Exhibit 3 - English, # 6 Exhibit 3 - Hebrew, # 7 Exhibit 4 - Translation, # 8 Exhibit 4 - Decision)(Cherian, Korula) (Entered: 06/03/2020) |
| 06/05/2020 | 214 | REDACTION to 213 Sealed Patent Document, by Luminati Networks Ltd.. (Attachments: # 1 Exhibit Remain Under Seal)(Cherian, Korula) (Entered: 06/05/2020) |
| 06/05/2020 | 215 | REDACTION to 212 Sealed PATENT Sur-Reply to Reply to Response to PATENT Motion, by Luminati Networks Ltd.. (Attachments: # 1 Affidavit Wielkopolski, # 2 Exhibit C and D Remain Under Seal)(Cherian, Korula) (Entered: 06/05/2020) |
| 06/25/2020 | 216 | Joint MOTION to Amend/Correct 76 Protective Order by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Cherian, Korula) (Entered: 06/25/2020) |
| 06/25/2020 | 🔒 217 | Sealed Document. FINAL ARBITRATION AWARD(Cornelius, William) (Entered: 06/25/2020) |
| 06/25/2020 | 🔒 218 | Sealed Document. ADDENDUM TO FINAL ARBITRATION AWARD(Cornelius, William) (Entered: 06/25/2020) |
| 06/26/2020 | 219 | AMENDED PROTECTIVE ORDER granting 216 Joint MOTION to Amend/Correct 76 Protective Order. Signed by District Judge Rodney Gilstrap on 6/26/2020. (ch, ) (Entered: 06/29/2020) |
| 07/02/2020 | 🔒 220 | ORDER AND FINAL JUDGMENT. Signed by District Judge Rodney Gilstrap on 7/2/2020. (ch, ) (Entered: 07/02/2020) |
| 07/09/2020 | 221 | NOTICE of Attorney Appearance - Pro Hac Vice by Michael A. |

| | | | |
|---|---|---|---|
| | | | Charish on behalf of BI Science (2009) Ltd., BI Science Inc.. Filing fee $ 100, receipt number 0540-7883293. (Charish, Michael) (Entered: 07/09/2020) |
| 07/21/2020 | | 222 | NOTICE of Attorney Appearance - Pro Hac Vice by John Christopher Rozendaal on behalf of BI Science (2009) Ltd., BI Science Inc.. Filing fee $ 100, receipt number 0540-7903545. (Rozendaal, John) (Entered: 07/21/2020) |
| 07/24/2020 | 🔒 | 223 | Joint SEALED PATENT MOTION *to Correct Final Judgment* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order) (Cherian, Korula) (Entered: 07/24/2020) |
| 07/24/2020 | 🔒 | 224 | Opposed SEALED PATENT MOTION *to Make Final Judgment Public* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Cherian, Korula) (Entered: 07/24/2020) |
| 07/27/2020 | 🔒 | 225 | SEALED PATENT DOCUMENT Notice of Action is a Related Matter. (Attachments: # 1 Exhibit English Version, # 2 Exhibit Original Version)(Cherian, Korula) (Entered: 07/27/2020) |
| 07/27/2020 | | 226 | REDACTION to 223 Joint SEALED PATENT MOTION *to Correct Final Judgment* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order Remain Under Seal)(Cherian, Korula) (Entered: 07/27/2020) |
| 07/27/2020 | | 227 | REDACTION to 224 Opposed SEALED PATENT MOTION *to Make Final Judgment Public* by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Cherian, Korula) (Entered: 07/27/2020) |
| 07/29/2020 | | 228 | NOTICE OF APPEAL - FEDERAL CIRCUIT as to 220 Order, Judgment by BI Science (2009) Ltd., BI Science Inc.. Filing fee $ 505, receipt number 0540-7917779. (Rozendaal, John) (Entered: 07/29/2020) |
| 07/29/2020 | | | Transmission of Notice of Appeal FEDERAL CIRCUIT, Order and Docket Sheet to US Court of Appeals, Federal Circuit by separate email. re 228 Notice of Appeal - FEDERAL CIRCUIT (ch, ) (Entered: 07/29/2020) |
| 07/29/2020 | | 229 | REDACTION to 225 Sealed Patent Document by Luminati Networks Ltd.. (Attachments: # 1 Exhibit Exhibits Remain Under Seal)(Cherian, Korula) (Entered: 07/29/2020) |
| 08/04/2020 | | 230 | NOTICE of Docketing Notice of Appeal from USCA re 228 Notice of Appeal - FEDERAL CIRCUIT filed by BI Science Inc., BI Science (2009) Ltd. Entry of Appearance due 08/18/2020. Certificate of Interest is due on 08/18/2020. Docketing Statement due 08/18/2020. Appellant's brief is due 10/05/2020. USCA Case Number 20-2118 (ch, ) Modified on 8/4/2020 (ch, ). (Entered: 08/04/2020) |
| 08/07/2020 | 🔒 | 231 | SEALED RESPONSE to Motion re 224 Opposed SEALED PATENT MOTION *to Make Final Judgment Public* filed by BI Science (2009) Ltd.. (Attachments: # 1 Declaration of Kfir Moyal, # 2 Text of |

| | | Proposed Order Proposed Order)(Rozendaal, John) (Entered: 08/07/2020) |
|---|---|---|
| 08/10/2020 | 232 | REDACTION to 231 Sealed Response to Motion *to Make Final Judgment Public* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 REDACTED Declaration of Kfir Moyal, # 2 Text of Proposed Order)(Rozendaal, John) (Entered: 08/10/2020) |
| 08/12/2020 | 233 | ***FILED IN ERROR*** <br><br> NOTICE by Luminati Networks Ltd. *of Appeal* (Cherian, Korula) Modified on 8/18/2020 (ch, ). (Entered: 08/12/2020) |
| 08/12/2020 | 🔒 234 | Opposed SEALED PATENT MOTION *to Stay Enforcement of the Final Judgment* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 Supplemental Declaration of Kfir Moyal, # 2 Text of Proposed Order)(Rozendaal, John) (Entered: 08/12/2020) |
| 08/14/2020 | 235 | REDACTION to 234 Opposed SEALED PATENT MOTION *to Stay Enforcement of the Final Judgment* by BI Science (2009) Ltd., BI Science Inc.. (Attachments: # 1 REDACTED Supplemental Declaration of Kfir Moyal, # 2 Text of Proposed Order)(Rozendaal, John) (Entered: 08/14/2020) |
| 08/14/2020 | 🔒 236 | SEALED PATENT REPLY to Response to PATENT Motion re 224 Opposed SEALED PATENT MOTION *to Make Final Judgment Public* filed by Luminati Networks Ltd.. (Cherian, Korula) (Entered: 08/14/2020) |
| 08/17/2020 | 237 | REDACTION to 236 Sealed PATENT Reply to Response to PATENT Motion by Luminati Networks Ltd.. (Cherian, Korula) (Entered: 08/17/2020) |
| 08/18/2020 | 238 | NOTICE OF APPEAL - FEDERAL CIRCUIT re 220 Final Judgment and 130 Claim Construction Order by Luminati Networks Ltd.. Filing fee $ 505, receipt number 0540-7953136. (Cherian, Korula) Modified on 8/18/2020 (ch, ). (Entered: 08/18/2020) |
| 08/18/2020 | | Transmission of Notice of Appeal, Order and Docket Sheet to US Court of Appeals, Federal Circuit by separate email. re 238 Notice of Appeal - FEDERAL CIRCUIT (ch, ) (Entered: 08/18/2020) |
| 08/20/2020 | 239 | NOTICE of Docketing Notice of Appeal from USCA re 238 Notice of Appeal - FEDERAL CIRCUIT filed by Luminati Networks Ltd.. USCA Case Number 20-2181 (Attachments: # 1 Notice of Appeal) (ch, ) (Entered: 08/20/2020) |
| 08/21/2020 | 🔒 240 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 224 Opposed SEALED PATENT MOTION *to Make Final Judgment Public* filed by BI Science (2009) Ltd. . (Rozendaal, John) (Entered: 08/21/2020) |
| 08/24/2020 | 241 | REDACTION to 240 Sealed PATENT Sur-Reply to Reply to Response to PATENT Motion by BI Science (2009) Ltd.. (Rozendaal, John) |

| | | | |
|---|---|---|---|
| | | | (Entered: 08/24/2020) |
| 08/27/2020 | 🔒 | 242 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 234 Opposed SEALED PATENT MOTION *to Stay Enforcement of the Final Judgment filed by Luminati Networks Ltd.*. (Attachments: # 1 Text of Proposed Order)(Cherian, Korula) (Entered: 08/27/2020) |
| 08/31/2020 | | 243 | REDACTION to 242 Sealed Patent Response to Sealed Patent Motion by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order) (Cherian, Korula) (Entered: 08/31/2020) |
| 09/02/2020 | | 244 | ORDER of USCA Federal Circuit as to 228 Notice of Appeal - FEDERAL CIRCUIT filed by BI Science Inc., BI Science (2009) Ltd., 238 Notice of Appeal - FEDERAL CIRCUIT filed by Luminati Networks Ltd. (nkl, ) (Entered: 09/02/2020) |
| 09/03/2020 | 🔒 | 245 | ***FILED IN ERROR*** <br><br> SEALED PATENT REPLY to Response to PATENT Motion re 234 Opposed SEALED PATENT MOTION *to Stay Enforcement of the Final Judgment filed by BI Science (2009) Ltd.* . (Attachments: # 1 Reply Declaration of Kfir Moyal)(Rozendaal, John) Modified on 9/4/2020 (ch, ). (Entered: 09/03/2020) |
| 09/04/2020 | | | ***FILED IN ERROR. PER ATTORNEY Document # 245, Sealed Reply. PLEASE IGNORE.*** <br><br> (ch, ) (Entered: 09/04/2020) |
| 09/04/2020 | 🔒 | 246 | SEALED PATENT REPLY to Response to PATENT Motion re 234 Opposed SEALED PATENT MOTION *to Stay Enforcement of the Final Judgment filed by BI Science (2009) Ltd.* . (Attachments: # 1 Reply Declaration of Kfir Moyal)(Rozendaal, John) (Entered: 09/04/2020) |
| 09/08/2020 | | 247 | REDACTION to 246 Sealed PATENT Reply to Response to PATENT Motion, by BI Science (2009) Ltd.. (Attachments: # 1 REDACTED Reply Declaration of Kfir Moyal)(Rozendaal, John) (Entered: 09/08/2020) |
| 09/11/2020 | 🔒 | 248 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 234 Opposed SEALED PATENT MOTION *to Stay Enforcement of the Final Judgment filed by Luminati Networks Ltd.*. (Wielkopolski, Ronald) (Entered: 09/11/2020) |
| 09/14/2020 | | 249 | REDACTION to 248 Sealed PATENT Sur-Reply to Reply to Response to PATENT Motion by Luminati Networks Ltd.. (Wielkopolski, Ronald) (Entered: 09/14/2020) |
| 11/30/2020 | | 250 | Unopposed MOTION FOR PRODUCTION OF CERTAIN DOCUMENTS IN RELATED CASE by Luminati Networks Ltd.. (Attachments: # 1 Text of Proposed Order)(Cherian, Korula) (Entered: 11/30/2020) |

| 12/04/2020 | 🔒 | 251 | SEALED NOTICE. (Attachments: # 1 Exhibit)(Cherian, Korula) (Entered: 12/04/2020) |
| 12/07/2020 | | 252 | REDACTION to 251 Sealed Patent Document by Luminati Networks Ltd.. (Attachments: # 1 Exhibit)(Cherian, Korula) (Entered: 12/07/2020) |
| 12/28/2020 | | 253 | NOTICE by BI Science (2009) Ltd. *of Action in Related Matter* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rozendaal, John) (Entered: 12/28/2020) |
| 02/01/2021 | 🔒 | 254 | *SEALED* SEALED ORDER. Signed by District Judge Rodney Gilstrap on 2/1/2021. (ch, ) (Entered: 02/01/2021) |
| 02/03/2021 | | 255 | ORDER denying 224 Opposed SEALED PATENT MOTION *to Make Final Judgment Public. Signed by District Judge Rodney Gilstrap on 2/3/2021. (ch, ) (Entered: 02/03/2021)* |
| 02/16/2021 | | 256 | NOTICE OF APPEAL - FEDERAL CIRCUIT by BI Science (2009) Ltd.. Filing fee $ 505, receipt number 0540-8249922. (Rozendaal, John) (Entered: 02/16/2021) |
| 02/16/2021 | | | Transmission of Notice of Appeal, Order and Docket Sheet to US Court of Appeals, Federal Circuit by separate email. re 228 Notice of Appeal - FEDERAL CIRCUIT (ch, ) (Entered: 02/16/2021) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **LUMINATI NETWORKS LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.  2:18-CV-00483-JRG** |
| | § | |
| **BISCIENCE INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant BIScience Inc.'s ("BIScience") Motion to Dismiss, and in the Alternative, Motion to Transfer Venue (the "First Motion to Dismiss"). (Dkt. No. 15.) Additionally, before the Court is BIScience's Second Motion to Dismiss, and in the Alternative, Motion to Transfer Venue (the "Second Motion to Dismiss") (Dkt. No. 36), as well as Plaintiff Luminati Networks Ltd.'s ("Luminati") Motion to Strike Portions of Defendant's Second Motion to Dismiss (the "Motion to Strike") (Dkt. No. 40). Finally, before the Court is Luminati's Motion for Early Venue Discovery. (Dkt. No. 22.)

Having considered these motions and for the reasons set forth herein, the Court finds that Luminati's Motion to Strike should be and hereby is **DENIED**. The Court further finds that BIScience's First Motion to Dismiss should be and hereby is **DENIED AS MOOT**. BIScience's Second Motion to Dismiss should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**. BIScience's Second Motion to Dismiss is **GRANTED** as to Luminati's claim for tortious interference with employment agreements, but is otherwise **DENIED**.  Also, Luminati's Motion for Early Venue Discovery is **DENIED AS MOOT**.

## **Background**

Luminati filed its first Complaint (the "Original Complaint") against BIScience alleging direct and indirect infringement of U.S. Patent Nos. 9,241,044 (the "'044 Patent") and 9,742,866 (the "'866 Patent") (collectively, the "Asserted Patents"), as well as tortious interference with Luminati's employment agreements and misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"). (Dkt. No. 1.) BIScience then filed its First Motion to Dismiss directed at the Original Complaint arguing that this Court lacked personal jurisdiction over BIScience; that, if the Court did have jurisdiction, the case should nonetheless be transferred; and that the Original Complaint failed to state claims for violation of the DTSA or indirect infringement of the Asserted Patents. (Dkt. No. 15.) Luminati opposed the First Motion to Dismiss and moved for early venue discovery. (Dkt. No. 22.)

While briefing on the First Motion to Dismiss was ongoing, Luminati filed its First Amended Complaint.[1] (Dkt. No. 28.) The First Amended Complaint adds additional claims for false advertising under the Lanham Act and tortious interference with current and prospective business relationships. (*Id.* ¶¶ 69–78.) The First Amended Complaint also alleges new facts relevant to this Court's personal jurisdiction over BIScience. (*E.g. id.* ¶ 5.) These facts also bear on whether a transfer of venue is appropriate. BIScience took the position that the First Amended Complaint mooted the First Motion to Dismiss and filed its Second Motion to Dismiss. (Dkt. No. 36.) Luminati took the position that the First Motion to Dismiss was not moot in its entirety and

---

[1] The Court notes that the First Amended Complaint was filed 22 days after the First Motion to Dismiss (*compare* Dkt. No. 15 (filed Jan. 28, 2019), *with* Dkt. No. 28 (filed Feb. 19, 2019)), and thus outside of the window in which Luminati could amend as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). The Court is not aware of any written consent given by BIScience for this amendment. *Id.* 15(a)(2). However, in the interest of justice, and to the extent not cured by the subsequent Docket Control Order (Dkt. No. 59), the Court *sua sponte* and *ex post* grants leave for this amendment. *Id.*

moved to strike the portions of the Second Motion to Dismiss that Luminati argued were duplicative of the First Motion to Dismiss. (Dkt. No. 40.) The Second Motion to Dismiss asserts the same bases for dismissal or transfer as the First Motion to Dismiss, except BIScience drops its Rule 12(b)(6) defense as to Luminati's claim for indirect infringement and adds a Rule 12(b)(6) defense as to Luminati's Lanham Act claim. (*Compare* Dkt. No. 15, *with* Dkt. No. 36.)

### Luminati's Motion to Strike

The Court finds that the First Amended Complaint mooted the First Motion to Dismiss directed at the Original Complaint. BIScience properly directed its Second Motion to Dismiss at the First Amended Complaint. Accordingly, BIScience's First Motion to Dismiss is **DENIED AS MOOT** and Luminati's Motion to Strike is **DENIED**.

### I.     Legal Standard

"Generally, an amended pleading supersedes the original for all purposes." *Nolen v. Lufkin Indus., Inc.*, 466 F. App'x 895, 898 (Fed. Cir. 2012); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect . . . ."). "A motion to dismiss that attacks the superseded complaint may be denied as moot." *New World Int'l, Inc. v. Ford Global Techs., LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017); *see also WorldVentures Holdings, LLC v. Mavie*, No. 4:18-CV-393, 2018 WL 6523306, at *16 (E.D. Tex. Dec. 12, 2018). However, where a motion to dismiss attacks the original complaint for deficiencies that persist in the amended complaint, the court has discretion to apply the original motion to dismiss to the amended complaint rather than deny the motion as moot. *New World*, 2017 WL 1078525, at *5; *see also* 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2019) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the

3

new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

## II.    Discussion

The Court finds that the proper course is to deny the First Motion to Dismiss as mooted by the First Amended Complaint.

Luminati argues that its First Amended Complaint did not necessarily moot the First Motion to Dismiss and, as a result, the Second Motion to Dismiss is a duplicative motion that represents an abusive litigation tactic. (Dkt. No. 40, at 5–6.) While Luminati is correct that other courts have found motions to dismiss and motions to transfer not mooted by amended complaints, these courts recognized that it was an act of their "discretion" to consider such motions to the extent "such a motion remains applicable." *WowWee Grp. Ltd. v. Wallace*, CV-12-2298-MWF(VBKx), 2012 WL 13013022, at *2 (C.D. Cal. June 27, 2012). Indeed, it is within the Court's discretion to consider a motion directed to a superseded pleading where the motion remains applicable to the amended pleading—that is, where the amended pleading has not addressed the defects raised in the motion. However, it is equally within the discretion of the Court to deny such motion where it is not applicable. The Court finds that the latter situation is present here. This decision is largely facilitated by BIScience's filing of its Second Motion to Dismiss.

The purpose of interpreting a motion directed at a superseded complaint as one directed at the amended complaint is to save time and resources in situations where the motion is fairly applicable to amended complaint, not to unfairly tie the hands of the movant in situations where it is not. The plaintiff should not be allowed to amend its complaint in response to a motion and then require the movant to rest on its outdated briefing.

Luminati argues that Rule 12(b)(2) motions are distinguishable from Rule 12(b)(6) motions or other motions on the pleadings and thus cases finding such motions moot are inapposite. (Dkt.

No. 57, at 2–3.) Luminati provides no basis for this supposed distinction. *See, e.g.*, *New World*, 2017 WL 1078525, at *5 (denying as moot a motion to dismiss for lack of personal jurisdiction and improper venue directed towards a superseded complaint). Though discovery is available in determining a Rule 12(b)(2) motion, the Court also relies on the facts pled in the complaint, just as it does in a Rule 12(b)(6) motion. *See Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) ("[O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true . . . ."). The First Amended Complaint, in addition to adding new causes of action, alleges new facts, including new facts alleged in support of this Court's jurisdiction. (*See* Dkt. No. 28 ¶ 5.) The plaintiff cannot shift the playing field during the course of briefing on a motion and reasonably expect that the defendant will not be given an opportunity to respond with a new and properly directed motion.

Luminati also argues that the Second Motion to Dismiss is barred by Rule 12(g). (Dkt. No. 40, at 7–8.) It is true that Rule 12(g) would prevent BIScience from raising an argument in its Second Motion to Dismiss that was available to it but not asserted in its First Motion to Dismiss. Fed. R. Civ. P. 12(g)(2). However, Luminati identifies no such arguments. On the contrary, Luminati affirmatively states that "BIScience's Second Motion to Dismiss is based on the same grounds as the First Motion to Dismiss." (Dkt. No. 40, at 9; *see also id.* at 1–2.)

Finally, Luminati's argument that the Second Motion to Dismiss effectively circumvents this Court's local rules regarding briefing schedules and page limits is unfounded. (*Id.* at 8–9.) BIScience timely responded to Luminati's First Amended Complaint with a new motion directed at the First Amended Complaint. Fed. R. Civ. P. 12(a)–(b), 15(a). BIScience briefed this motion within the prescribed page limits and without seeking to incorporate by reference arguments made in its First Motion to Dismiss.

Luminati's First Amended Complaint superseded the Original Complaint and added allegations to address defects asserted by the First Motion to Dismiss. Accordingly, the Court denies the First Motion to Dismiss as moot and considers instead the Second Motion to Dismiss. Luminati's Motion to Strike is denied.

### BIScience's Second Motion to Dismiss

Turning to the Second Motion to Dismiss, the Court finds that it has specific personal jurisdiction or supplemental personal jurisdiction over all of Luminati's claims. However, the Court declines to exercise supplemental jurisdiction over the claim for tortious interference with employment agreements. Accordingly, the tortious interference with employment agreements claim is **DISMISSED WITHOUT PREJUDICE**. The Court further finds that transfer of venue is not warranted and that Luminati has stated claims for violations of the DTSA and the Lanham Act. Therefore, the remainder of BIScience's Second Motion to Dismiss is **DENIED**.

### I.      Motion to Dismiss for Lack of Jurisdiction

The Court finds that it has specific personal jurisdiction over Luminati's claims for patent infringement and false advertising. Additionally, the Court has supplemental jurisdiction over the remainder of Luminati's claims. However, the Court declines to exercise supplemental jurisdiction over Luminati's claim for tortious interference with employment agreements, as determination of that claim is best left to the judicial authority of the State of Israel.

#### A.  Legal Standard

Federal Circuit law governs personal jurisdiction where "a patent question exists." *See Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015). "[W]hether a defendant is subject to specific personal jurisdiction in the forum state involves two inquiries: first, whether the forum state's long-arm statute permits service of process and, second, whether the assertion of jurisdiction is consistent with due process." *Id.*  "Because the Texas long-arm statute extends to

6

the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008); *accord Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012) ("California and federal due process limitations are coextensive, and thus the inquiry collapses into whether jurisdiction comports with due process.") (internal quotation marks omitted).

For due process to be satisfied, the defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).  "A court must inquire whether the defendant has 'purposefully directed his activities' at the forum state and, if so, whether 'the litigation results from alleged injuries that arise out of or relate to those activities.'" *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361–62 (Fed. Cir. 2006) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Upon a showing of purposeful minimum contacts, the defendant bears the burden to prove unreasonableness. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).  In rare circumstances, a defendant may defeat the exercise of personal jurisdiction by "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

Where a court has personal jurisdiction over the patent claims asserted, the court also has supplemental personal jurisdiction over "non-patent claims to the extent they form part of the 'same case or controversy' as the patent claims." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1339 (Fed. Cir. 2008). 28 U.S.C. § 1367 "confers supplemental jurisdiction with respect to both subject matter and personal jurisdiction where the 'same case or controversy' requirement is satisfied." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003).

## B. Discussion

The Court finds that it has personal jurisdiction over BIScience as to Luminati's claims of patent infringement. BIScience has sold its allegedly infringing GeoSurf service to at least 52 customers in Texas. (Dkt. No. 36-1 ¶ 11.) Additionally, BIScience's service allows customers all over the world to utilize residential proxy devices in ten Texas cities—Arlington, Austin, Crowley, Dallas, El Paso, Fort Worth, Houston, Katy, San Antonio, and Spring—and BIScience advertises as such. (Dkt. No. 28-5, at 2–3.) Those proxy service activities are "purposefully directed" at Texas, and Luminati's claims for patent infringement allege "injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472. Accordingly, specific personal jurisdiction is proper over these claims.

*Blue Spike, LLC v. Texas Instruments, Inc.*, upon which BIScience relies (Dkt. No. 53, at 3–4), is distinguishable. No. 6:12-cv-499, 2014 WL 11829323 (E.D. Tex. Mar. 31, 2014). In *Blue Spike*, the plaintiff attempted to establish jurisdiction by arguing that "[defendant's] partners—and therefore [defendant] itself operates pervasively throughout Texas." *Id.* at *3. The plaintiff also argued that the defendant's website included a "partner locator" that directed customers to partners in Texas. *Id.* at *2. The court found these arguments unpersuasive, noting that "[t]he Court's focus is on [defendant's] actions, not third-party customers." The court held that the plaintiff had not established that the defendant's partner's contacts with Texas related to the claims in that case. *Id.* at *3.

By contrast, in the instant case, BIScience itself, not a third-party, has purposefully directed activities toward Texas. These contacts relate directly to the claims at issue. BIScience is accused, *inter alia*, of directly and indirectly infringing method claims in the Asserted Patents. (Dkt. No. 28 ¶¶ 39–40, 53–54.)  BIScience allegedly does this by allowing its customers to request content via selected residential proxy devices, including many located in Texas. (*See id.* ¶ 49.) BIScience is

8

also accused of implementing these residential proxies. (*Id.* ¶ 24, 39, 53.) The ability to direct internet traffic through proxies situated in various locations, including Texas, is a key advertised feature of BIScience's service:

> A proxy will also give you access to a set of proxy servers located worldwide, which will help you solve the location obstacle easily: Just select your preferred location, whether it's the United States or Madagascar, and surf in total anonymity and freedom.

(Dkt. No. 28-4, at 5; *see also* Dkt. No. 28-3, at 2 ("Location is key. One of the reasons to use a proxy, is to appear as if you were surfing from a different place.").) Far from being unrelated, BIScience's encouragement of customers to use proxies, including those located in Texas, is foundational to Luminati's claims of patent infringement. Specific personal jurisdiction over these claims is therefore appropriate.

BIScience allegedly relied upon false advertising to sell these same proxy services. (Dkt. No. 28 ¶ 20.) Therefore, the Court has personal jurisdiction over BIScience with regard to Luminati's Lanham Act claim as well.

The Court likewise finds that it may exercise supplemental personal jurisdiction over Luminati's claims for tortious interference with employment agreements, misappropriation of trade secrets, and tortious interference with current and prospective business relationships. The factual underpinnings of whether BIScience misappropriated trade secrets by interfering with Luminati employment and confidentiality agreements bear directly on Luminati's claim for patent infringement—particularly whether such infringement was willful. *Droplets, Inc. v. Adobe Sys., Inc.*, No. 2:06-CV-307, 2008 WL 11446843, at *4 (E.D. Tex. Aug. 29, 2008); *see also Performance Pulsation Control, Inc. v. Sigma Drilling Techs.*, LLC, No. 4:17-CV-00450, 2017 WL 5569897, at *4 (E.D. Tex. Nov. 20, 2017) (finding that claims for copyright infringement and trade secret misappropriation arose from the same operative facts). Moreover, Luminati's claims

9

for patent infringement may be a necessary predicate to a claim for tortious interference with business relations under Texas law, which requires that "the defendant's conduct [be] independently tortious or unlawful." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). These claims "arise out of 'a common nucleus of operative fact'" and thus form the "same case or controversy" for purposes of § 1367. *Silent Drive*, 326 F.3d at 1206 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Although the Court has supplemental jurisdiction over these claims, its exercise of this jurisdiction is discretionary. 28 U.S.C. § 1367(c). The Court declines to exercise jurisdiction over Plaintiff's claim for tortious interference with employment agreements. As to this claim, Luminati alleges that BIScience hired former employees of Luminati for the purpose of obtaining Luminati's trade secrets, in violation of those former employees' employment agreements, which contained both non-compete and confidentiality provisions. (Dkt. No. 28 ¶¶ 15–17, 59–60.) While Luminati does not allege where these events took place, BIScience CEO Kfir Moyal declared, and Luminati did not dispute, that they occurred exclusively in Israel. (Dkt. No. 36-1 ¶ 13; *see, e.g.,* Dkt. No. 44, at 5–7.) Accordingly, the Court is persuaded that Israeli law would apply to Luminati's claim for tortious interference with employment agreements, and that any evidence of such is likely centered in the State of Israel.

A federal court exercising supplemental jurisdiction must apply the choice-of-law rules of the state in which it sits. *Janvey v. Brown*, 767 F.3d 430, 435 (5th Cir. 2014). Texas has adopted the Restatement (Second) of Conflict of Laws' "most significant relationship" test to decide choice of law issues. *Hughes Wood Products, Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000). Section 145 of the Restatement sets out the following factors for determining which forum's laws should apply to tort claims:

(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the . . . place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145(2) (1971). Most if not all of these factors counsel in favor of this dispute—between two Israeli companies, regarding contracts executed in Israel, and involving employees based in Israel—being decided under Israeli law. (*See, e.g.*, Dkt. No. 36-1 ¶ 13.)

Having determined that Israeli law would likely apply to this action, the underlying conduct of which occurred entirely in Israel, the Court finds that resolution of this dispute is properly left to the court system in Israel. "[C]omity and the principle of avoiding unreasonable interference with the authority of other sovereigns dictate in this case that the district court decline the exercise [of] supplemental jurisdiction under § 1367(c)." *Voda v. Cordis Corp.*, 476 F.3d 887, 903 (Fed. Cir. 2007). The Court therefore declines to exercise supplemental jurisdiction over Luminati's claim for tortious interference with employment agreements.

## II.     Motion to Transfer Venue

Turning to BIScience's alternative motion to transfer venue pursuant to § 1404(a), the Court concludes BIScience has failed to demonstrate that the Southern District of New York is clearly more convenient than Luminati's chosen venue in the Eastern District of Texas.

### A.  Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). However, a motion to transfer venue should only be granted upon a showing by the movant "that the transferee venue 'is clearly more convenient' than the venue chosen by the plaintiff." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (quoting *In re Volkswagen*

11

*of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)). In making this determination the court considers certain public and private interest factors. *Id.*

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.*; *Volkswagen*, 545 F.3d at 315. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Genentech*, 566 F.3d at 1342; *Volkswagen*, 545 F.3d at 315. Motions to transfer venue are to be decided based on the situation that existed when the suit was filed. *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)).

**B. Discussion**

BIScience, as a foreign corporation, is subject to suit in any judicial district for venue purposes. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349, 1361 (Fed. Cir. 2018). Accordingly, while venue is proper before this Court, this action also could have been brought in the Southern District of New York. However, BIScience has failed to show that the Southern District of New York is a clearly more convenient forum.

As a preliminary matter, the Court addresses Luminati's allegations that the multiple declarations of Mr. Moyal, are deceptive and improper attempts to bolster BIScience's venue arguments.[2] (*E.g.*, Dkt. No. 73, at 1.) The Court disagrees with Luminati on both points. The Court

---

[2] Mr. Moyal submitted three declarations in support of BIScience's motions to dismiss. The first was submitted in support of the First Motion to Dismiss. (Dkt. No. 15-2.) The second was submitted in support of the Second Motion to Dismiss, and repeated much of the same information as the first declaration. (Dkt. No. 36-1.) The third declaration, filed along with BIScience's reply

accepts Mr. Moyal's explanation that BIScience's New York office address as stated in his first declaration contained a typographical error. (Dkt. No. 36-1 ¶ 4.) Nor does the Court fault BIScience for properly responding to Luminati's First Amended Complaint, which bolstered Luminati's venue arguments, by filing a Second Motion to Dismiss addressed to the new complaint that bolstered BIScience's own arguments in favor of venue in New York.[3]

However, the Court disagrees with BIScience that its presence in Manhattan is significant enough to tip the venue scales in its favor. BIScience has provided little information about the office it maintained at the time this action was filed, but what little information is available—including the membership agreement BIScience submitted as to its subsequently acquired space—indicates that this "office" was simply a single desk in a shared office space. (Dkt. No. 36-1 ¶ 4–6; 53-2.) The Court now turns to a specific analysis of the private and public interest factors.

## 1. Private Interest Factors

<u>Access to Sources of Proof.</u> BIScience argues that New York is a more convenient forum because its "New York office has *access* to relevant documentation." (Dkt. No. 36, at 11 (emphasis added).) Specifically, BIScience argues that relevant documents "can be securely accessed remotely and maintained in the New York office." (*Id.*) BIScience does not explain why this would be relatively easier than accessing documents remotely from anywhere else in the world, such as its home office in Israel or its counsel's offices in Tyler, Texas. Indeed, both of these locations

---

in support of the Second Motion to Dismiss, alerted the Court that BIScience had moved offices in New York (Dkt. No. 53-1), a possibility Mr. Moyal had already raised in his second declaration (Dkt. No. 36-1 ¶ 6).

[3] BIScience's Second Motion to Dismiss elaborated upon the arguments already made in its First Motion to Dismiss. As discussed above, the Court finds that BIScience did not improperly advance new arguments in violation of Rule 12(g).

would be a more convenient place to "securely access" documents than a desk in a shared office in Manhattan. The Court finds this factor is neutral.

Availability of Compulsory Process. Most of the relevant witnesses appear to be within the control of the parties, and those that are not reside in Israel. Neither party has identified potentially relevant witnesses that would be susceptible to compulsory process in one venue but not the other. This factor is neutral.

Cost of Attendance of Willing Witnesses. All of the relevant witnesses identified by the parties reside in Israel. While the Court recognizes the inconvenience of overseas travel, these "witnesses will be inconvenienced with international travel regardless whether this case is transferred." *Accuhale LLC v. AstraZeneca LP*, No. 6:11-cv-707-LED, 2013 WL 12322594, at *4 (E.D. Tex. Mar. 27, 2013). Thus, "these witnesses are discounted for the purpose of transfer analysis." *Id.*; *accord Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740(WHP), 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999) (stating that witnesses traveling from Finland were no more inconvenienced by having to travel to Indiana than they would be traveling to New York); *Cento Grp., S.p.A. v. OroAmerica, Inc.*, 822 F. Supp. 1058, 1061–62 (S.D.N.Y. 1993) (European plaintiff was no more inconvenienced by litigating in California than in New York); *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 484 (D.N.J. 1993) (plaintiff's witnesses from Japan were no more inconvenienced by testifying in Minnesota than in New York). This factor is also neutral.

Other Practical Problems. "Where multiple and parallel lawsuits in two different jurisdictions are contemplated, judicial economy weighs heavily in the Court's transfer analysis." *ComCam Int'l, Inc. v. Mobotix Corp.*, No. 2:13-cv-798-JRG, 2014 WL 4229711, at *4. A related case currently pending before this Court, *Luminati Networks Ltd. v. UAB Tesonet*, No. 2:18-cv-299-JRG, also alleges infringement of the Asserted Patents. These cases "will present common

14

issues of law and fact, and judicial economy favors the avoidance of parallel litigation in multiple courts." *ComCam*, 2014 WL 4229711, at *4. This factor weighs against transfer.

### 2. Public Interest Factors

Administrative Difficulties Flowing from Court Congestion. The parties agree that that the average time to trial in the Southern District of New York is 29.4 months, 10 months longer than the average time to trial in the Eastern District of Texas, which is 19.1 months. (Dkt. No. 36, at 15; Dkt. No. 44, at 23.) The congestion faced by the Southern District of New York, resulting in trial times more than 50% longer than in the Eastern District of Texas, weighs against transfer.

Local Interest. BISciences argues that this suit "calls into question the work and reputation of BIScience employees conducting business in the Southern District of New York," but BIScience has not identified these employees. (Dkt. No. 36, at 14.) There is no indication, either from the First Amended Complaint or BIScience's Second Motion to Dismiss, that the conduct of any consultant or employee in New York has been implicated by this case. Moreover, evidence that an Israeli company rents what appears to be a single desk in a shared office space in Manhattan does not create a local interest in this case being resolved in New York. Accordingly, the Court finds that this factor is neutral.

Remaining Factors. The Southern District of New York and Eastern District of Texas are both familiar with the federal law that will govern most of the claims in this case. The parties have not alerted the Court to any applications of state or foreign law that would bear upon either courts' relative familiarity with the governing law or any conflict of law issues. The Court finds that these factors are also neutral.

In summary, the Court finds that two of the relevant factors weigh against transfer, six are neutral, and none weigh in favor of transfer. The Court concludes that BIScience has failed to demonstrate that the Southern District of New York is a clearly more convenient forum.

Accordingly, the motion to transfer is denied. Consequently, Luminati's motion for venue discovery is denied as moot.

### III.   Motion to Dismiss for Failure to State a Claim

Having determined that the Court has personal jurisdiction over BIScience and that venue is proper in this district, the Court turns to BIScience's motion to dismiss for failure to state a claim. The Court finds that Luminati has stated a claim for trade secret misappropriation under the DTSA and a claim for false advertising under the Lanham Act.

#### A.   Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" where the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. To be legally sufficient, the complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255–57. "In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). If it is apparent from the face of the complaint that an

insurmountable bar to relief exists, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### B. Discussion

#### 1. Trade Secret Misappropriation

BIScience argues that Luminati has failed to state a claim for misappropriation that is actionable under the DTSA because "Luminati fails to allege any conduct occurring in the U.S. relating to the alleged misappropriation," as required under the statute. (Dkt. No. 36, at 16.) Luminati responds that "the sale of [BIScience's] competing 'Geosurf' residential proxy service using [Luminati's] trade secrets causing harm to Luminati in the United States was clearly in furtherance of its misappropriation of Luminati's trade secrets," and thus such a claim is actionable under the DTSA. (Dkt. No. 44, at 6.)

The DTSA "applies to conduct occurring outside the United States if . . . an act in furtherance of the offense was committed in the United States." 18 U.S.C. § 1837(2).[4] The statute does not define what constitutes "an act in furtherance of the offense." The parties have not identified any case law interpreting this language in the context of the DTSA, nor has the Court found any such case law. However, this language is not foreign to the common law but is regularly used in the area of federal conspiracy law. *See, e.g.*, *Yates v. United States*, 354 U.S. 298, 334 (1957) ("[T]he overt act must be found . . . to have been in furtherance of a conspiracy . . . ."); *Findlay v. McAllister*, 113 U.S. 104, 114 (1885) ("[T]o sustain the action it must be shown not only that there was a conspiracy, but that there were tortious acts in furtherance of it . . . .").

---

[4] The DTSA also applies to extraterritorial conduct if the offender is a U.S. Citizen, permanent resident, or an entity incorporated in the United States. 18 U.S.C. § 1837(1). It is undisputed that BIScience is an Israeli corporation, and therefore not subject to the DTSA via this provision. (*See* Dkt. No. 28 ¶ 2.)

"[W]here Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts . . . the meaning its use will convey to the judicial mind unless otherwise instructed." *Morissette v. United States*, 342 U.S. 246, 263 (1952). As a result, the Court looks to the established common law meaning of "in furtherance of" when interpreting the extraterritoriality provision of the DTSA. 18 U.S.C. § 1837(2).

In *Yates*, the Supreme Court explained what it means for an overt act to be "in furtherance of" a conspiracy:

> It is not necessary that an overt act be the substantive crime charged in the indictment as the object of the conspiracy. Nor, indeed, need such an act, taken by itself, even be criminal in character. The function of the overt act in a conspiracy prosecution is simply to manifest that the conspiracy is at work, and is neither a project still resting solely in the minds of the conspirators nor a fully completed operation no longer in existence.

354 U.S. at 334. Applied to the DTSA, *Yates* makes clear that the act in furtherance of the offense of trade secret misappropriation need not be the offense itself or any element of the offense, but it must "manifest that the [offense] is at work" and is not simply "a project in the minds of the" offenders or a "fully completed operation." *Id.* Put another way, an act that occurs before the operation is underway or after it is fully completed is not an act "in furtherance of" the offense.

A civil claim for misappropriation of trade secrets under the DTSA requires: "(1) a trade secret; (2) misappropriation; and (3) use in interstate commerce." *N. Am. Deer Registry, Inc. v. DNA Sols., Inc.*, No. 4:17-CV-00062, 2017 WL 2120015, at *6 (E.D. Tex. May 16, 2017); *see also* 18 U.S.C. § 1836(b)(1). As relevant here, misappropriation is satisfied if disclosure or use of the secret is made without express or implied consent by a person who (1) used improper means to obtain the secret, or (2) at the time of the disclosure or use, knew or had reason to know that the knowledge of the trade secret was improperly obtained or acquired under circumstances giving rise to a duty to maintain its secrecy. 18 U.S.C. § 1839(5)(B).

18

Both sides have submitted evidence in support of their respective positions that acts "in furtherance of" misappropriation did or did not happen in the United States. BIScience's Second Motion to Dismiss includes a declaration from Mr. Moyal that all of the alleged occurrences supporting Luminati's misappropriation claim "took place between people in Israel. None of the allegations or alleged facts took place in Texas or anywhere in the United States." (Dkt. No. 36-1 ¶ 13.) Luminati responds with exhibits demonstrating that the former Luminati employees who possessed the alleged trade secrets attended conferences in Las Vegas. (Dkt. No. 44-4; Dkt. No. 44-5.) The Court disregards this evidence for purposes of resolving a motion to dismiss under Rule 12(b)(6) and considers only the allegations in the complaint, the documents attached or incorporated therein, and facts subject to judicial notice. *Willard*, 336 F.3d at 379.

The First Amended Complaint alleges that "Luminati's former employees employed Luminati's confidential trade secrets on behalf of [BIScience] in furtherance of the competing 'Geosurf' residential proxy service." (Dkt. No. 28 ¶ 16.) Luminati further alleges that "Luminati lost Texas and United States customers for its residential proxy service and associated revenues to [BIScience's] competing Geosurf service." However, "causing harm to Luminati in the United States" via lost customers is not enough to state a claim actionable under the DTSA. (Dkt. No. 44, at 6.)

Though damages caused as a result of misappropriation are relevant to a plaintiff's remedy, they do not constitute part of the offense itself. *Id.* § 1836(b)(3)(B); *see also id.* §§ 1836(b)(1), 1839(5). Accordingly, damages that occurred in the United States, standing alone, would not be acts "in furtherance of" misappropriation but rather would be the consequence of a "fully completed operation." *Yates*, 354 U.S. at 334.

However, Luminati also alleges that, by "using . . . [Luminati's] trade secrets, [BIScience] has committed acts in the State of Texas and the United States." (*Id.* ¶ 5.) The Court finds that this allegation is sufficient to draw a reasonable inference that BIScience used Luminati's trade secrets in the United States to sell its GeoSurf service, or at least committed acts in furtherance of such sales in the United States. Accordingly, Luminati has plausibly stated a claim actionable under the DTSA.

### 2. False Advertising

BIScience also argues that Luminati has failed to state a claim for false advertising under the Lanham Act because Luminati has not identified any false statements made by BIScience in commercial advertising. (Dkt. No. 36, at 17–18.) Section 43(a)(1)(B) of the Lanham Act provides in relevant part:

> Any person who . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

The Fifth Circuit has held that the elements for a false advertising claim under the Lanham Act are:

(1) a false or misleading statement of fact about a product;

(2) such statement either deceived, or had the capacity to deceive a substantial segment of potential consumers;

(3) the deception is material, in that it is likely to influence the consumer's purchasing decision;

(4) the product is in interstate commerce; and

(5) the plaintiff has been or is likely to be injured as a result of the statement at issue.

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000).

BIScience argues that Luminati's allegations fail to clearly identify any false statements made by BIScience. (Dkt. No. 36, at 17–18.) To the contrary, Luminati attached two blog posts published on BIScience's website that each state, "Some proxy providers look great and fancy until you try to integrate them. Some—such as Luminati—are very difficult to integrate, as they require you to install complex proxy managers and to ultimately modify your entire solution." (Dkt. No. 28-3, at 3; Dkt. No. 28-4, at 7.) Luminati has alleged that these statements are false because "Luminati's residential proxy service does not require installation of Luminati's proxy manager." (Dkt. No. 28 ¶ 20.) Thus, Luminati has sufficiently alleged a false statement of fact about its products.

Additionally, BIScience disputes whether a "blog post on its website . . . constitutes false advertising." (Dkt. No. 36, at 18.) The Fifth Circuit has held that in order for representations to constitute "commercial advertising or promotion" under § 43(a)(1)(B) of the Lanham Act, they must be:

> (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classical advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996). BIScience's blog posts meet these criteria.

The blog posts are commercial speech by a company that is in commercial competition with Luminati. They are also made for the purpose of influencing customers to use BIScience's GeoSurf service. Shortly after the allegedly false statements at issue, the blog posts continue: "In short, stay away from these proxies. Instead, go for easy-integration proxies that support whatever

your needs may be. **GeoSurf**, for instance, takes less than 5 minutes to integrate . . . ." (Dkt. No. 28-3, at 3 (emphasis in original); *see also* Dkt. No. 28-4, at 7.)

Finally, while company blog posts may not be traditional ads, they are a quintessential type of informal promotion. Luminati has alleged that BIScience has purchased advertisements on platforms such as Google that direct potential customers to BIScience's website—where these blog posts appear—when they search for terms like "luminati." (Dkt. No. 28 ¶ 20.) Thus, Luminati has alleged that these blog posts are disseminated sufficiently to the relevant purchasing public.

In sum, the Court finds that these allegedly false statements constitute advertising for purposes of the Lanham Act. Accordingly, Luminati has stated a claim for false advertising.

<u>**Conclusion**</u>

For the reasons set forth herein, Luminati's Motion to Strike (Dkt. No. 40) is **DENIED**, and BIScience's First Motion to Dismiss (Dkt. No. 15) is **DENIED-AS-MOOT**. BIScience's Second Motion to Dismiss (Dkt. No. 36) is **DENIED-IN-PART** and **GRANTED-IN-PART**, as follows: BIScience's Second Motion to Dismiss is **GRANTED** in so far as it seeks dismissal of Luminati's claim for tortious interference with employment agreements; however, the remainder of BIScience's Second Motion to Dismiss, including the motion to transfer venue, is **DENIED**. Resultingly, Luminati's Motion for Early Venue Discovery (Dkt. No. 22) is **DENIED-AS-MOOT**.

So ORDERED and SIGNED this 13th day of May, 2019.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE